## ARMSTRONG v. CARWILE.

1. JUDGMENT—RECORDING—LIENS.—A MORTGAGE not recorded within forty days after its execution has a lien prior to that of a judgment entered after its record, but based on a debt evidenced by a note executed between execution and record of the mortgage, debt having been contracted before execution of the mortgage.

2. IBID.—EVIDENCE—COLLATERAL ATTACK.—PAROL EVIDENCE OFFERED to show the time of contracting a debt evidenced by a note in judgment, does not change the terms of an unambiguous instrument, nor is it a collateral attack on the judgment.

3. PURCHASER—RECORDING—MORTGAGES—NOTICE—JUDGMENT.—A purchaser under a judgment entered after the record of a mortgage, not recorded in time, is not a purchaser without constructive notice of such encumbrance.

4. JUDGMENT—MORTGAGE—LIENS—RECORDING.—A WARRANT OF ATTACHMENT levied on land, and issued in an action based on a debt contracted before execution of a mortgage, not recorded in time, does not give the judgment therein a lien prior to that of the mortgage. *King* v. *Fraser*, 23 S. C., 543, and *Turpin* v. *Sudduth*, 53 S. C., 310, *explained*.

5. LIS PENDENS—RECORDING.—A NOTICE OF LIS PENDENS filed in a cause in which such notice is not provided by Code, does not affect subsequent encumbrances.

Before GAGE, J., Greenwood, May, 1899. Affirmed.

Foreclosure by Patrick Armstrong, administrator of Jno. F. Armstrong, against Zachariah W. Carwile, Jr., and Geo. H. Taylor. The following is the Circuit decree omitting the formal parts:

The mortgage sued on was executed on 5th July, 1892, by the defendant, Carwile, to Daniel & Co.; it was not recorded until 10th December, 1892; it was assigned to the plaintiff 12th January, 1894; there is now due on it between seven and eight hundred dollars. On 8th December, 1892, one Clara L. Withers commenced suit against Carwile in the Common Pleas at Abbeville; the summons was on that day personally served on Carwile, and on that day the land in dispute was attached. Both Withers and Carwile were residents of Augusta, and so was the plaintiff and his assignors. Notice of *lis pendens* was filed by Withers, in that action, on 7th December, 1892; and therein it was stated that the land in dispute was attached. Thereafter, on 17th February, 1893, judgment was entered by Withers *v.* Carwile, for $5,122.89 and costs, execution was issued and sale had by the sheriff, salesday in November, 1897. At that sale the defendant, Taylor, became the purchaser and took a deed from the sheriff.

The subject of the action in Withers *v.* Carwile was a note, dated 5th December, 1892, for $4,600, due on demand, "for value received," executed by Carwile to Withers. On the trial before the master, it was admitted if certain witnesses for plaintiff were present, they would swear the consideration for the note passed before the date of the execution of the mortgage. Indeed, that fact is not contested. The testimony tending to prove it was excluded by the master upon two grounds, to wit: because such testimony would vary the terms of the note; because such testimony would constitute an attack on a judgment, in an action collateral to the record in that case. The master found as matter of law, that Taylor had a good title to the land, discharged from any lien or interest of the plaintiff, and dismissed the complaint. The exceptions are directed to the rulings and

findings of the master above recited. To sustain the master's conclusions, defendants relied, in argument, on the provisions of section 153 of the Code, with reference to the limitations of the rights of persons whose incumbrance is recorded subsequent to the filing of *lis pendens.* That section provides: "Every person whose * * * encumbrance is subsequently * * * recorded shall be deemed a subsequent * * * encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were made a party to the action." In the case of Withers *v.* Carwile, which was an ordinary suit against a non-resident on a note, attachment was levied on the land, and *lis pendens* was filed describing the land. The plaintiff's mortgage was recorded after the filing of the notice of *lis pendens.* Was the purpose of the Code to make, by construction, the holder of the mortgage a party to the suit on the note, and have his rights adjudicated in that cause? That is defendant's contention. Section 153 of the Code does provide that notice of *lis pendens* may be filed "whenever a warrant of attachment under (sections 248-264) of this Code of Procedure shall be issued;" but it manifestly had reference to "any action arising for the recovery of * * * (real) property," and not to actions "for the recovery of money." The two sections (153 and 248) must be read together when they refer to one matter common to both, to wit: an action to recover land, or what is the same thing, an action where title to land comes into controversy. But if the holder of the mortgage was a constructive party to the action of Withers *v.* Carwile and the mortgage debt was adjudicated therein, then the matter is *res judicata.* That matter is a defense to be pleaded. I do not think the answer advertises plaintiff of such a plea; it does plead the judgment for certain manifest purposes, but it does not do so in a way to notify him his rights have heretofore been finally settled in a suit to which he was a party. Nor did the master pass on the issue, and I would not be bound to do so in the absence of an exception to the master's report. (Code, sec. 294.)

30—56

The consideration of the interesting question raised by the argument, though thus by the rules of legal construction put beyond my reach, has been passed on, so that all the issues may be decided.

The other issue made is that of a *bona fide* purchaser for value and without notice, and that defense involves an application of the statute regulating the registration of legal instruments. The contest here is betwixt whom? A party on the one hand whose mortgage was recorded subsequent to the expiration of forty days after its execution, and a party on the other hand who, subsequent to the record of the mortgage, purchased (at the hands of the sheriff) from the mortgagor. The purchaser paid value at the time of purchase, he bought in good faith, there is no proof of actual notice, did he have constructive notice? If he did, he is "affected."

The *proviso* of section 1968, Revised Statutes 1893, answers the question, to wit: "That (the mortgage) if recorded subsequent to the expiration of forty days, shall be valid to effect the rights of subsequent purchasers for valuable consideration without notice, *only from the date of such record.*" Stated in *positive* form, it declares a mortgage recorded after the expiration of forty days shall be valid against a purchaser of the land who bought after record. At the time the defendant, Taylor, purchased, the mortgage was spread on the record, and had been there for seven years next before. He had notice. It is manifest, therefore, the defendant as subsequent purchaser from Carwile is not within the protection of the statute in his own merit; is he under its protection by virtue of the merit of a subsequent creditor of Carwile? The rights of subsequent creditors are guaranteed by the statute, and to protect them their sales must be sustained. The ostensible subsequent creditor was Clara L. Withers. If her debt was contracted subsequent to the execution of the mortgage, and she sold the land under judicial process to collect it, the purchaser at that sale took unencumbered title to protect her rights, not his. So that, the contest now is betwixt whom? A party on the one hand whose

mortgage was recorded subsequent to the expiration of forty days after its execution, and a party on the other hand who was a creditor of the mortgagor when the mortgage was made. The statute does not protect subsisting creditors, and as to them the mortgage need never be recorded. But one of the issues is the *status* of the Withers debt, was it subsisting on 5th July, 1892, or was it contracted subsequent thereto? The debt was not created by the judgment, or by the attachment lien theretofore, or by the note dated 5th December, 1892. The note evidenced the debt, the attachment evidenced the beginning of the lien to secure its payment, the judgment evidenced the final determination by the Court of the rights of the parties before it. It is of the essence of the question to ascertain when the debt was made. The defendants do not deny, as a fact, that the debt was made before the 5th July, 1892; but they contend that the proof of the fact varies the written note, and collaterally attacks the judgment. The proof was tendered and rejected by the master. Manifestly, if the note declared when the debt was contracted, or if the judgment found that fact, parol testimony would be incompetent to prove the contrary. But the time when the debt was contracted is not fixed by the terms of the note, nor is it found by the judgment, expressly or by implication. The true fact may, therefore, be shown by parol. Such testimony proves the debt was contracted before the mortgage was made. The rights of the creditor, Withers, then, are no more within the protection of the statute than are the rights of the purchaser, Taylor; both accrued after the mortgage of the plaintiff. My conclusion is, the plaintiff's mortgage is a subsisting lien on the land described in the complaint.

From this decree the defendant, Geo. H. Taylor, alone appeals.

*Messrs. Giles & Magill* and *Ellis G. Graydon,* for appellant, cite: *Circuit ruling on question of lis pendens is erro-*

*neous:* Code, 153; 53 S. C., 106; 39 S. C., 484; 48 S. C., 492; 10 Wall., 308; 95 U. S., 714; Code, 253. *Permitting plaintiff to show that debt on which judgment was based arose before execution of mortgage was collateral attack on judgment:* 24 S. C., 398; 40 S. C., 193; 39 S. C., 477; 19 S. C., 384; 20 S. C., 23; 19 S. C., 558. *Taylor is purchaser for value without notice:* 13 Rich. Eq., 222; 23 S. C., 569; 27 S. C., 576; Code, 309; 2 Bay, 80; 47 S. C., 525.

*Messrs. Parker & Green, contra,* cite: *Can lis pendens be filed in an action to recover money, where real estate is attached?* Code, 153; 11 Am. St. R., 848; 7 How. Pr. R., 334; 8 Abb., 128. *Is the question of lis pendens properly before the Court?* Code, 153, 294, 290, sub. 2. *Is appellant or Mrs. Withers subsequent purchaser for value without notice?* Rev. Stat., 1968; 11 Stat., 256; 13 Rich. Eq., 223; 21 S. C., 219; 27 S. C., 576; 6 Rich., 438; 11 Rich., 109; 23 S. C., 543. *Evidence tending to show when the debt arose evidenced by the Withers note, properly admitted:* 55 S. C., 348.

March 3, 1900. The opinion of the Court was delivered by

Mr. CHIEF JUSTICE McIVER. This action was brought for the foreclosure of a mortgage on real estate, executed by the defendant, Carwile, to the assignors of the plaintiff's intestate. The complaint was in the usual form, and the defendant, Geo. H. Taylor, was made a party as claiming some interest in the mortgaged premises, arising subsequent to the date of plaintiff's mortgage. The defendant, Carwile, seems to have made default, but the defendant, Taylor, answered, setting up a claim of title in fee to the mortgaged premises, arising from a purchase by him at sheriff's sale, under a judgment recovered by one Withers against the mortgagor, Carwile; and he, therefore, claims that he is a purchaser for valuable consideration without notice. All the issues of law and fact were referred to the master, who

made his report, finding certain facts, which will be herein-
after stated, and finding as matter of law that the title of the
defendant, Taylor, is superior to the lien of the plaintiff's
mortgage, and recommending that the complaint be dis-
missed.    To this report the plaintiff seems to have filed sun-
dry exceptions (though they are not set out in the "Case,"
and only appear in the exceptions filed by appellant to the
decree of the Circuit Judge), and the case was heard by his
Honor, Judge Gage, upon the master's report and the excep-
tions thereto.    The Circuit Judge filed his decree, overruling
the report of the master and rendering judgment for fore-
closure.    From this judgment the defendant, Taylor, ap-
peals upon the several exceptions set out in the record, and
the plaintiff, in accordance with the proper practice, gave
notice that he would ask this Court to sustain the decree be-
low on certain additional grounds set out in the record.   The
decree of the Circuit Judge, together with the exceptions of
appellant and the additional grounds of the plaintiff, should
be incorporated by the Reporter in the report of this case.

The facts upon which this controversy turns do not seem
to be disputed, and may be substantially stated as follows:
The mortgage upon which plaintiff's action is based, was
executed on the 5th July, 1892, but it was not recorded until
the 10th of December, 1892—more than forty days after its
date.   This mortgage was given to secure the payment of
certain bonds, bearing even date with the mortgage, but
there is no other evidence tending to show when the debt
evidenced by these bonds was contracted.   The judgment,
under which appellant claims, was entered in Abbeville
County on the 17th of February, 1893, and was duly tran-
scripted to Greenwood County, which is now the county in
which the land in question lies.   This judgment was recov-
ered in an action commenced on the 6th of December, 1892,
for the purpose of recovering the amount due on a note bear-
ing date the 5th of December, 1892, given by the defendant,
Carwile, to Clara L. Withers, which was payable on demand.
Immediately after this action was commenced, the plaintiff

procured a warrant of attachment, which was levied on the said land on the 7th December, 1892, and a copy of said warrant was duly filed in the proper office by the sheriff of Abbeville County. There is nothing on the record of this judgment to show when the debt sued for was contracted, other than the date of the note. Under an execution issued to inforce this judgment, the mortgaged premises were levied upon, and after due advertisement the same were offered for sale by the sheriff of Greenwood County on saleday in November, 1897, at which sale the appellant, Taylor, became the purchaser, and having complied with the terms of sale, received the sheriff's deed for the land. No notice was given, at the sale when Taylor purchased, of the mortgage, and Taylor, in fact, had no *actual* notice of such mortgage at the time; whether he had *constructive* notice, is one of the points of contention in the case. Testimony was received, though objected to by the appellant, tending to show, and which the Circuit Judge found did show, that the debt for which the action was brought by Withers against Carwile, though then evidenced by a note bearing date 5th December, 1892, was in fact a subsisting debt at the time of the execution of the mortgage, the said note having been given as a renewal of pre-existing obligations; and one of the questions made by this appeal is whether such testimony was admissible.

This case depends largely upon the proper construction of sec. 1776 of the Gen. Stat. of 1882, now incorporated in the Rev. Stat. of 1893 as sec. 1968, viewed in the light of the facts of this case without reference to the important amendments introduced into such section by the act of 1898, 22 Stat., 746, as that act in express terms applies only to mortgages executed since the 1st day of March, 1898. This section has been construed by this Court in two cases, *King* v. *Fraser,* 23 S. C., 543, and *Carraway* v. *Carraway,* 27 S. C., 576. In the former, it was held by the majority of the Court, that a mortgage, which has not been recorded until after the expiration of the forty days allowed

for that purpose, will take precedence, so far as the mortgaged premises are concerned, over general debts not secured by liens, including such as were contracted without notice to the creditor between the date of the mortgage and the date of its record—in other words, the majority of the Court there held that the phrase, "subsequent creditors or purchasers," as used in the section, meant creditors whose debts were contracted *subsequent to the date of the mortgage,* and not those whose debts had been contracted subsequent to the date *of the record* of the mortgage. And in the case of Carraway *v.* Carraway, the majority of the Court held, that under that section, an unrecorded mortgage was entitled to priority over judgments recovered, *upon debts contracted prior to the execution of the mortgage,* but entered thereafter, because the creditors holding such debts were existing and not subsequent creditors. Under these two decisions, it is apparent that if the debt upon which the Withers judgment was recovered was contracted prior to the date of the plaintiff's mortgage, *and there were nothing else in the case,* then the mortgage would be entitled to priority over such judgment, because in that event the judgment creditor could not claim the protection accorded to a *subsequent* creditor, nor could the appellant who claims under that judgment be in any better position, unless he can show that he was a purchaser for valuable consideration without notice of the mortgage—a question which will be presently considered. This renders it absolutely necessary to determine the question of the admissibility of the testimony tending to show that the debt upon which the Withers judgment was recovered was, in fact, contracted prior to the execution of the mortgage. The master rejected the testimony offered to show when the debt was contracted upon two grounds : 1st, because it was parol testimony to change the terms of an unambiguous written instrument; 2d, because it was a collateral attack upon a judgment having no jurisdictional infirmities. We agree with the Circuit Judge, that neither of these

grounds are tenable, for the reason that the testimony was not offered for the purpose of changing the terms of an unambiguous written instrument, nor did it have any such effect. The note upon which the action was founded did not constitute the debt, the non-payment of which constituted the cause of action. It has been frequently held in this State that the note is mere *evidence of* the debt, the most recent case to that effect being *Williamson* v. *Eastern B. & L. Association,* 54 S. C., at pages 596-7. The testimony offered did not change, or even purport to change, any of the terms of the note upon which the action was based, but was only designed to show when *the debt,* of which the note was the mere evidence, originated, and for this purpose it was clearly competent. Certainly the testimony in question cannot be regarded as any attack upon the judgment, and was not offered for any such purpose. There was, therefore, no error on the part of the Circuit Judge in receiving this testimony, by which it is conclusively shown that the debt upon which the Withers judgment was recovered was a subsisting debt at the time the plaintiff's mortgage was executed, and hence neither she nor those who claim under her judgment can claim the protection accorded to *subsequent* creditors by section 1776 of the Gen. Stat. of 1882, as construed in the case of King v. Fraser, *supra*.

The next inquiry is whether the appellant can claim to be a purchaser for valuable consideration without notice of plaintiff's mortgage by his purchase at sheriff's sale. The undisputed fact is that he had no *actual* notice of the mortgage at the time of such purchase, and the only question is whether he had *constructive* notice arising from the record of plaintiff's mortgage. The undisputed facts are that plaintiff's mortgage was recorded on the 10th December, 1892, nearly five years before the sheriff's sale in November, 1897, when appellant became the purchaser of the mortgaged premises. If, therefore, he had examined the records before he made his purchase, as he should have done, he would have ascertained that the land

which he proposed to buy was covered by a mortgage anterior in date to the judgment under which he proposed to buy, for the judgment was not entered until the 17th of February, 1893, and the mortgage bears date 5th July, 1892. This is not, as appellants seem to think, a case in which the doctrine that a purchaser is not bound to look *down the line for any subsequent* encumbrance, for, so far as the record before us shows, the appellant never acquired any interest of any kind in the subject matter of this suit until his purchase at sheriff's sale, and that was long after plaintiff's mortgage had been executed and recorded. So that, if there was nothing else in the case, the appellant could not maintain his defense.

But there is another pregnant fact in the case which does not seem to have received due consideration, which, however, must be considered by us; and that is the fact that the warrant of attachment obtained in the case of Withers *v.* Carwile was levied on the land on the 7th of December, 1892, three days before the plaintiff's mortgage was recorded, and a lien was thereby fixed upon the land at that date, which, it is conceded, had the effect of giving the judgment recovered in that case, not merely a lien from the date of the entry of the judgment, but also from the 7th of December, 1892, when a lien was fixed upon the land by the levy of the attachment thereon. So that this fact presents the question whether the plaintiff's mortgage had a lien from the date of its execution, and not merely from the date of its record, as against this judgment, which, as we have seen, was founded upon a subsisting debt at the time of the execution of the mortgage, and not upon a debt contracted after execution of the mortgage. This question has been conclusively determined by the case of Caraway *v.* Caraway, *supra,* where it was held that an unrecorded mortgage is not only good, as a lien, between the parties, but also as against all others except subsequent creditors or purchasers for valuable consideration without notice—meaning thereby creditors whose debts were contracted, or purchasers who bought

subsequent to the execution of the mortgage. In that case the mortgage was executed on the 20th of March, 1885, and was never recorded, and the judgments were recovered at various dates between and including the 14th of May, 1885, and the 20th of November, 1885, which, of course, had liens from the dates of their entry, and the mortgage was held to have priority over these judgments, because the lien of the mortgage was postponed to the date of its record *only* as to subsequent creditors and purchasers, but as to all others was a valid lien from the date of its execution; and as it was shown, in that case, that the debts upon which the judgments were recovered were subsisting debts at the time of the execution of the mortgage, it had a superior lien to these judgments. It must, therefore, be held, unless something else appears, that the plaintiff's mortgage, which was executed on the 5th of July, 1892, though not recorded until the 10th of December, 1892, has a superior lien to the judgment under which the appellant claims, because the debt upon which such judgment was recovered was a subsisting debt at the time of the execution of the mortgage; and hence neither the plaintiff in that judgment nor the appellant, who claims under such judgment, can claim the right of priority, accorded only to a subsequent creditor under sec. 1968 of the Rev. Stat. It is quite true that some of the language used by Mr. Justice McGowan, *arguendo,* in delivering the opinion of the majority of the Court in King *v.* Fraser, *supra,* would seem to be in conflict with the view just taken; for such language evidently implies that a mortgage, unless recorded within forty days, constituted no lien against any one until it is recorded. But this language was a mere *obiter dictum,* for the controversy in that case was not as to the priority of liens, as the only party who could pretend to claim a lien was the mortgagee, the other parties being unsecured creditors, claiming no liens. It is likewise true that the language of Mr. Justice McGowan above referred to was quoted in *Turpin* v. *Sudduth,* 53 S. C., at page 310, with what, at first glance, would seem to be approval; but it is

very manifest from a careful consideration of that case, that such language was quoted solely for the purpose of showing that *a purchaser* for valuable consideration without notice, who had acquired his title *after* the execution of the mortgage, but *prior* to its record, would be protected as a *subsequent purchaser* against the lien of the mortgage, by virtue of the provisions of sec. 1968 of Rev. Stat. This is made still more manifest by the following language used in Turpin *v.* Sudduth, on page 311, where it is said: "Upon *this point* the Court was unanimous (see page 576), though there was a dissent upon another point"—showing very clearly that the point referred to was as to the rights of subsequent *purchasers,* and not *creditors,* as the rights of creditors were not involved in Turpin *v.* Sudduth.

There is, however, another matter in the case which we propose to consider, and that is the effect of the filing of the notice of *lis pendens,* as it is called, in Withers *v.* Carwile. Waiving for the purposes of this inquiry the question presented by the plaintiff as to whether this matter is properly before us, which the Circuit Judge seems also to have thought was not properly before him, and yet proceeded to its adjudication, and while finding as matter of fact that the notice of *lis pendens* in the case of Withers *v.* Carwile was filed on the 7th of December, 1892, three days previous to the recording of plaintiff's mortgage, he held that the case of Withers *v.* Carwile, being an ordinary action, not affecting the title to real estate, was not such an action as warranted the filing of a notice of *lis pendens,* and hence the appellant acquired no rights by the fact that such a paper had been filed in that case. This is a material inquiry in this case, for the language used in sec. 153 of the Code: "From the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby; and every person whose conveyance or incumbrance is subsequently executed or *subsequently recorded* (italics ours), shall be deemed a subsequent purchaser or incumbrancer," &c. Now, if the

case of Withers *v.* Carwile was such a case as would be proper for the filing of a notice of *lis pendens,* with all its incidents, then it might be well contended, under the language just quoted, that the plaintiff's mortgage was a subsequent incumbrance to the lien of the judgment, which, as we have seen, had relation back to the date of the levy of the attachment; for the Circuit Judge finds as a fact that the notice of *lis pendens* was filed on the 7th of December, 1892, three days before the plaintiff's mortgage was recorded. But was the case of Withers *v.* Carwile such an action as that a notice of *lis pendens* could be filed in? The Circuit Judge finds as matter of fact, and the records before us confirm this finding, that the action was an ordinary action on a money demand, and did not in any way affect the title to real estate, and the answer of the defendant therein, a copy of which is set out in the "Case" herein, does not set up any affirmative cause of action "intended to affect real estate," nor, in fact, any affirmative cause of action whatever. We agree, therefore, with the Circuit Judge, that such action was not an action in which the filing of a notice of *lis pendens,* with the incidents thereto, is authorized by sec. 153 of the Code of Procedure, relied on for that purpose, and hence the filing of such notice avails the appellant nothing in this case.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.