6673

ARMOUR & CO. v. ROSS.

1. RECORDING—BAILMENT—NOTICE TO SUBSEQUENT PURCHASERS AND CREDITORS.—An agreement in writing by which personal property is put in possession of another for sale, title to the goods and proceeds to remain in bailor, and all unsold goods at any time to be subject to his order, is a bailment and is required to be recorded by sec. 2655 of Code of 1902, to affect subsequent purchasers or creditors.

2. IBID.—SEC. 2655 OF CODE OF 1902, requiring certain instruments to be recorded so as to affect subsequent purchasers or creditors for valuable consideration without notice, has no reference to simple or unsecured creditors, but to those whose claims have been reduced to judgment, or to those holding other liens on the property, before receiving notice of the unrecorded judgment. *~~~~~* *Herring & Co.* v. *Cannon,* 21 S. C., 212, *distinguished from this.* MR. JUSTICE WOODS *dissents.*

3. PURCHASER FOR VALUE WITHOUT NOTICE.—One purchasing property without notice that seller held same under contract of bailment using to pay the purchase price a debt contracted prior to the sale and not a part of that transaction, is not a purchaser for valuable consideration without notice under the purview of sec. 2655 of Code of 1902.

4. REHEARING refused.

Before DANTZLER, J., Cherokee.      Reversed.

Action by Armour & Co. against M. L. Ross and W. A. Turner. From judgment for defendants, plaintiff appeals.

*Mr. J. C. Jeffries,* for appellant, cites: *Defense of innocent purchaser without notice cannot avail defendants:* 1 Bay., 299; 2 Bay., 505; 4 Strob., 427; 1 McC., 1; 10 Rich., 83; 12 Rich., 451; 27 S. C., 134; 11 How., 209; 22 Am. Dec., 220; 59 Am. Dec., 293; 52 N. Y., 612; 43 Neb., 747; 87 Me., 203.

*Messrs. Butler* and *Osborne,* contra, cite: *The writing in question should have been recorded under Code 1902, sec. 2655:* 3 Ency., 733; 27 S. C., 470; 21 S. C., 214; 74 S. C., 372.

The opinion was filed October 2, 1907, but remittitur held up on petition for rehearing until

November 4, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the value of goods, alleged to have been converted by the defendants to their own use. This is the second appeal; the first is reported in 75 S. C., 201. The complaint alleges, that at the time hereinafter mentioned, the plaintiff was the owner of a quantity of bacon and lard, of the value of $1,353.41. That at said time the property was in possession of defendant St. John Butler, as plaintiff's agent, and was in his hands upon consignment. That on or about the 20th of August, 1901, the defendants, knowing that the plaintiff was owner of said property, and, in order to pay an old debt due from the defendant St. John Butler, to his codefendants, H. L. Ross and W. A. Turner, unlawfully and wrongfully converted the same to their own use, and placed it out of the possession of said agent, who thereupon left the State, and that the defendants Ross and Turner detained and concealed said property from the plaintiff for the purpose of appropriating it to their own use.

The defendants Ross and Turner, in their original answer, upon which they went to trial the first time, denied the

allegations of the complaint, and set up as a defense, that they were purchasers for valuable consideration without notice. After the case was remanded for a new trial, the defendants amended their answer by alleging, also, that they were subsequent creditors for valuable consideration without notice. At least a part of the indebtedness was contracted about the 8th of June, 1901, at which time the property in question was in the possession of St. John Butler, which was more than two months before he is alleged to have sold the property. The jury rendered a verdict in favor of the defendants, and the plaintiff appealed.

The first assignment of error is, because his Honor the presiding Judge ruled that the agreement entered into between the plaintiff and St. John Butler was null and void as to subsequent creditors or purchasers for valuable consideration without notice, as it was not recorded within the time required by section 2655 of the Code of Laws, which is as follows:

"Every agreement between the vendor and vendee, bailor or bailee of personal property, whereof the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors or purchasers for valuable consideration without notice, unless the same be reduced to writing in the manner now provided by law, for the recording of mortgages; but nothing herein contained shall apply to livery stable keepers, inn keepers, or any other persons letting or hiring property for a temporary use, or depositing such property for the purpose of having repairs or work or labor done thereon."

The agreement made between the plaintiff and St. John Butler, was in form an instrument of writing, dated the day of June, 1899, directed to St. John Butler, signed by Armour & Co., and containing, among others, the following provisions: "Upon your acceptance in writing indorsed hereon, you are constituted our broker and commission merchant at Gaffney, S. C., to sell provisions and products, as we may offer through or consign to you, or to your care for that

purpose, upon the following conditions: 1. The title of all goods is to remain in us until sold by you, in accordance with the terms fixed by us, and when sold, the proceeds of sale shall at all times be the property of Armour & Co., and you shall any time deliver any or all unsold goods to whomsoever Armour & Co. may authorize to receive them." St. John Butler accepted the terms of the proposed contract.

In 3 Enc. of Law, 733, the word "bailment" is defined as follows: "Bailment is the delivery of goods for some purpose, upon a contract expressed or implied, that after the purpose has been fulfilled, they shall be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until he reclaims them."

The agreement herein is embraced within this definition. Section 2655 was construed in the case of *Ludden & Bates* v. *Dusenbury,* 27 S. C., 467, 4 S. E., 60, in which there was an agreement stipulating for the hiring of an organ, valued at $95.00, for the term of nine months, at a monthly rental of $10.00, with an option to the bailee to buy it, at any time within that period, at the said valuation, in which case the money paid for the rental should be deducted from the purchase money. The Court held, that it was not a mortgage, nor a conditional sale, but a contract of hiring only, with an option to buy at a future time; and that the agreement, not having been recorded in the manner provided by said section, was void as to a purchaser of the property at sheriff's sale, under a judgment recovered against the bailee, by a subsequent creditor for valuable consideration without notice.

The Court concludes with the following statement of the law: "It will thus be seen, that the law as it now stands and as it stood when the agreement here in controversy was made, is no longer confined to *verbal* agreements, but extends to every agreement, and it covers agreements between *bailor and bailee* as well as those between *vendor and vendee,* and that all such agreements must be reduced to writing and recorded like mortgages, in order to make them valid against

the claims of subsequent creditors or purchasers for valuable consideration without notice.  Inasmuch, therefore, as the agreement here in question was never recorded, and inasmuch as there is no evidence that the defendant, who, as we have seen, must be regarded as a subsequent purchaser, ever had any notice of the agreement, it is quite clear that even regarding the agreement as a contract, not of sale, but a contract of hiring, which is a bailment, the defendant was entitled to recover."

The exceptions raising this question are overruled.

The next error assigned is, because his Honor, the presiding Judge, refused to direct a verdict or grant a new trial, on the ground that there was no testimony whatever tending to sustain the defense that the defendant Ross was a creditor or purchaser for valuable consideration without notice.

Upon the former hearing of this case, before the answer was amended by alleging that he was not only a purchaser, but a subsequent creditor for value without notice, this Court used the following language:

"There is testimony to the effect that the defendants were purchasers, and that they did not have notice of the agreement hereinbefore mentioned between the plaintiff and Butler.  But the defendants failed to introduce any testimony whatever, tending to show that there was such consideration as equity recognized in support of their defense.  On the contrary, the testimony of the defendant Ross was to the effect, that the sale of the articles to him by Butler was based upon the consideration of past indebtedness, which is not sufficient to sustain said defense.  Quite a different question would be presented, if the appeal involved the construction of section 2456 of the Code of Laws, as that section was amended in 1898 by adding the words 'whether simple contract creditors or lien creditors.'  *Marsh* v. *Ramsey*, 57 S. C., 121, 35 S. E., 433."

In determining, upon that hearing, whether Ross was a purchaser for valuable consideration without notice, the

question whether he was such a creditor as the statute contemplated, was necessarily involved, and, if this Court had entertained the view that he was such creditor, it would have been compelled to rule, that he was entitled to the protection of the statute.

In such a case, he would have had the right, under judicial proceedings, to subject the property to the payment of his indebtedness; or to become the purchaser of the property, in consideration of said indebtednss, provided he did not have notice of the agreement at the time of his purchase.

The statute, however, does not have reference to simple or unsecured creditors, but to those whose claims have been reduced to judgment, or to those holding other liens on the property, before receiving notice of the unrecorded instrument. *King* v. *Fraser,* 23 S. C., 543; *Carraway* v. *Carraway,* 27 S. C., 576, 5 S. E., 157; *Summers* v. *Brice,* 36 S. C., 204, 15 S. E., 374; *Turpin* v. *Suddath,* 53 S. C., 295, 31 S. E., 245; *Armstrong* v. *Carwile,* 56 S. C., 463, 35 S. E., 196.

The respondents' attorneys rely upon the case of *Herring Co.* v. *Cannon,* 21 S. C., 212, to show that Ross was entitled to the protection of the statute.

The facts of that case were as follows: In August, 1880, Herring & Co. sold and delivered to E. S. Griffin a safe for $105.63, payable January 1 and April 1, 1881, and took notes therefor, in which they reserved the title to said safe in themselves until paid for, but failed to record the notes. After the purchase of the safe and while it was in Griffin's possession, Griffin contracted debts with two different firms, who had no notice of Herring's claims. These creditors sued Griffin, and attached the safe, and recovered judgment for their debts before they had any notice of Herring & Co.'s claim. The safe was sold by the sheriff under the attachment proceedings. James F. Izlar, who was notified of Herring & Co.'s claims, bought the safe at the sale, and afterwards sold it to Cannon, the defendant.

The Court used the following language: "It is conceded in the case, that the safe was seized and sold, under legal

process issued by subsequent creditors without notice, and therefore it is unnecessary to inquire, whether Izlar, the first purchaser, or Cannon, to whom he sold, had actual notice of plaintiff's claim at the time of their respective purchases. The purchase at the sheriff's sale for the benefit of suing creditors, admitted to be subsequent creditors without notice, gave to the purchaser that protection which is extended to the class to which the creditor in execution belonged, whether he, the purchaser, had actual notice or not."

That case is not conclusive of the question under consideration, as it was therein conceded that those under whose attachment proceedings the safe was sold, were subsequent creditors for value without notice.

The amendment to section 2456 of the Code of Laws in 1898 by inserting the words "whether simple contract creditors or lien creditors" is not applicable, as that section and section 2655 are separate and distinct; and if the Legislature had intended to amend the latter section, it would have been very easy to have so expressed its intention.

Finally, our reason for ruling that the defendant Ross was not entitled to the protection of the statute is, that the transaction by which he became a creditor of St. John Butler was separate and distinct from that in which he purchased the property; and, as he was not such a creditor as came within the purview of the statute, his indebtedness was not such a consideration as could sustain the defense of purchase for value without notice.

The 13th and 15th exceptions cannot be sustained, as the propositions for which the appellant contends were inapplicable to the case, under the pleadings and testimony.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE JONES *concurs in the result.*

MR. JUSTICE WOODS, *dissenting:* I, dissent, as I am unable to agree that the amendment of 1898, making section

2456 of Civil Code apply to the protection of simple contract creditors as well as lien creditors, had no effect on section 2655, requiring record of certain agreements between vendor and vendee, and bailor and bailee.

By the act of 1876 (16 Stat., 92), it was provided, deeds, mortgages and other specified papers, "and generally all instruments of writing now required by law to be recorded," etc., should be valid so as to affect subsequent creditors or purchasers without notice only when recorded within forty days. In 1882, an act was passed providing: "Every agreement between the vendor and vendee, bailor and bailee, of personal property, whereby the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors or purchasers for valuable consideration without notice unless the same be reduced to writing and recorded in the manner now provided by law for recording of mortgages: *Provided,* That nothing herein contained shall apply to livery stable keepers, or inn keepers, or any other persons letting or hiring property for a temporary purpose." Clearly, the main purpose and effect of this act was to make agreements of the kind mentioned between vendors and vendees, and bailors and bailees, "instruments required by law to be recorded," within the meaning of the act of 1876, and such instruments fell as fully under that statute as if the statute had been amended, and the agreements between vendors and vendees, and bailors and bailees had been mentioned along with deeds and mortgages. When, therefore, the statute of 1876 was amended in 1898 to the form of section 2456 of Civil Code, so as to protect not only subsequent lien creditors but also subsequent simple contract creditors, the amendment applied to all "instruments required by law to be recorded," and agreements between bailors and bailees, like that involved in this case, are such instruments.

For these reasons, I think the judgment of the Circuit Court should be affirmed.

November 4, 1907. PER CURIAM. After careful consideration of the petition herein, this Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is therefore ordered that the petiton be dismissed and that the order heretofore granted staying the remittitur be revoked.