## PRIDMORE v. PUFFER MFG. CO. et al.

### (Circuit Court of Appeals, Fourth Circuit. July 28, 1908.)

#### No. 804.

1. BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—PASSING OF TITLE TO PROPERTY PURCHASED BY BANKRUPT.

A bankrupt corporation had contracted with petitioners for the purchase of machinery to be paid for in cash, in one case on delivery and in the others when it should be installed by the sellers. In each case the machinery was shipped, and had reached the station of destination, and was in possession of the railroad company, when the bankrupt became insolvent and a receiver was appointed, who removed the machinery; but it had not been unpacked when the trustee in bankruptcy was appointed. *Held*, that the title had not passed from petitioners and did not vest in the trustee, and that each was entitled to reclaim its property.

2. SALES—CONDITIONAL SALES UNDER SOUTH CAROLINA STATUTE.

Civ. Code S. C. 1902, § 2456, requiring contracts of conditional sale, where title is reserved in the seller, to be recorded, has no application to a sale of machinery to be paid for in cash when delivered, or when installed by the seller.

Petition for Revision of Proceedings of the District Court of the United States for the District of South Carolina, at Charleston, in Bankruptcy.

W. S. Hall, Jr., for petitioner.

J. C. Otts, for respondents.

Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

PRITCHARD, Circuit Judge. The bankrupt, Lipscomb Silicia Springs Company, agreed to purchase on September 6, 1906, from the Liquid Carbonic Company, Chicago, Ill., one carbonator and fixtures at an agreed price of $435, payable in cash when installed by the vendor. The carbonator and machinery were shipped in the months of November and December, and before the goods arrived and could be erected the bankrupt was placed in the hands of a receiver by the state court of South Carolina. At that time the machinery was taken in hand by the receiver appointed by the state court, and had not been unboxed or placed in position by the vendor. This machinery was shipped to Gaffney, S. C., and was in the depot of the Southern Railway, when the Lipscomb Silicia Springs Company went into the hands of a receiver in December, 1906, and was hauled from the depot to the springs by the receiver some time in December. It is now in the hands of the trustee, and unboxed, and title is still in the vendor.

On the 18th day of October, 1906, the International Harvester Company of America agreed to sell the Lipscomb Silicia Springs Company one three horse power gasoline engine for the sum of $170 cash when the engine was installed. At the time the Lipscomb Silicia Springs Company was placed in the hands of a receiver this engine had been hauled from the depot down to the springs, but had not been unpacked or erected. In this case the vendors were to erect the machinery, and after it was tested, if found to be satisfactory, the Lipscomb Silicia Springs Company were to pay cash the price agreed upon.

On October 18, 1906, the Lipscomb Silicia Springs Company agreed to purchase one carbonator and fixtures from the Puffer Manufacturing Company, at an agreed price of $300, cash on receipt of the goods. This property was at the depot when a receiver was appointed and had not been delivered to the bankrupt. This machinery is now in the possession of the trustee and has never been unpacked. After the Lipscomb Silicia Springs Company had been placed in the hands of a receiver, a petition for involuntary bankruptcy was filed by creditors against the corporation, and Lipscomb Silicia Springs Company was duly adjudged a bankrupt.

The trustee took charge of all of the property, which had been gathered together by the receiver; but before the trustee was appointed the vendors in each case had notified the receiver that they claimed the property in dispute, as testified to by E. F. Lipscomb, who was appointed receiver by the state court. It also appears from the evidence that after the machinery was ordered and shipped to Gaffney, S. C., the Lipscomb Silicia Springs Company was placed in the hands

of a receiver before either of the vendors had an opportunity to come to Gaffney and erect the machinery according to the agreement to purchase, and it was never accepted by the Lipscomb Silicia Springs Company.

Thereafter each of the petitioners filed their petition in the court of bankruptcy, asking that the property in dispute be delivered to them. The trustee in bankruptcy duly filed his return, and contended that the property in dispute was in the hands of a receiver when he was appointed trustee in bankruptcy, and that the same was held by him in trust for the benefit of the creditors of the bankrupt. A hearing was had before the referee in bankruptcy, G. W. Speer, Esq., who held that the title to the property was vested in the trustee in bankruptcy for the benefit of intervening subsequent creditors, inasmuch as there was no record of the contracts reserving the title in the vendors until the purchase money was paid. The claimants petitioned the United States District Court to superintend and revise the decision of the referee, upon the ground that the title to the machinery in dispute had not left the vendors and had not passed to the vendee, because under the agreement to purchase it was the duty of the vendors to place the machinery in position, to erect it, and, after it was approved by the vendee, the Lipscomb Silicia Springs Company, bankrupt, it was to be paid for in cash, taking the position that there was no intention to make a contract of a conditional sale, no chattel mortgage was executed or intended to be executed, and that the vendors could not collect for the machinery until the same was placed in position, erected, and approved by the purchaser.

The learned district judge held that there was some question as to the delivery of the machinery in dispute, but under his view of the case it was governed by the case of York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, holding that the trustee in bankruptcy could not take any higher title to the property in dispute than that held by the bankrupt; and as against the vendors no recording of any chattel mortgages, if there had been chattel mortgages, was necessary as between the vendor and the vendee. From this decision the trustee in bankruptcy petitioned this court to superintend and revise the decision of the court below upon the ground that the learned judge erred in not holding that the contracts in question were of a character such as are required to be recorded under section 2456, vol. 1, Code of Laws of South Carolina, in not holding that whether the title to the property passed to the bankrupt or not, did not affect the right of subsequent creditors of the bankrupt, who had no notice of the secret agreement between the claimants and the bankrupt, whose rights as subsequent creditors are superior to those of the claimant.

The sole question presented is as to whether the property mentioned in the petition passed to the bankrupt company. The determination of this point settles the question at issue in this controversy. It is well settled that the trustee can only take such title as is vested in the bankrupt at the time the bankruptcy proceedings are instituted. In the

case of York Manufacturing Co. v. Cassell, 201 U. S. 352, 26 Sup. Ct. 484, 50 L. Ed. 782, Mr. Justice Peckham said:

"Under the present bankrupt act the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt."

The subject-matter of this controversy was heard before the district judge on a petition to review the report of the referee, which denied the petitioners the restoration to them of certain machinery and other property in the possession of the trustee of the bankrupt company. The learned judge who heard the petition reversed the decision of the referee and remanded the case, with instructions to deliver the property to the petitioners. In disposing of the case, the court said:

"As to the two petitioners first named, it seems to me doubtful that the title to the property mentioned in the petition ever passed to the bankrupt company. The machinery, etc., was sold by the first named for cash, to be paid for when installed under the superintendence of the petitioners. It had not been unpacked or erected, and by the express terms of the contract the title remained in the petitioners. And the case of the International Harvester Company is substantially of the same character. As to the claim of the Puffer Manufacturing Company, the testimony before me is very slight. According to my understanding of it, this company agreed to sell to the bankrupt corporation one Faithful carbonator, No. 3, for $300 cash, to be paid for on receipt of the goods. The goods were shipped, and arrived at Gaffney, and were in the warehouse of the railroad when insolvency supervened. Apart, however, from these considerations, I am of opinion that the case is controlled by Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and York Manufacturing Company v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. It has been strongly urged by counsel for the trustee that Chesapeake Shoe Company v. Seldner, 122 Fed. 593, 58 C. C. A. 261, decided by the Circuit Court of Appeals of this Circuit, is directly in point. The facts in that case are different, and so is the statute of Virginia. That case, which was decided in May, 1903, was cited in the argument of counsel before the Supreme Court in the Hewit Case; and, if the opinion therein is at variance with the later decision of the Supreme Court of the United States, the latter, of course, is controlling."

It is manifest from the foregoing that the property in question never passed to the bankrupt company and that the title remained in the vendor. Under these circumstances we are of opinion that the petitioners were entitled to the property, and that the ruling of the court below to that effect was eminently proper. Notwithstanding that the court expressed some doubt as to whether the title to the property claimed by the Liquid Carbonic Company, of Illinois, and the International Harvester Company of America, of Wisconsin, passed to the bankrupt company, we are of opinion, after a careful investigation of the evidence as well as the pleadings herein, that the title never passed to the bankrupt company.

We have carefully considered the contention of counsel representing the trustee, in which it is insisted that the statute of South Carolina (Civ. Code, § 2456), which relates to secret liens, applies, and are of opinion that under the circumstances in this case the decisions relied upon to sustain such contention do not apply to the case at bar, and that this case is governed by the rule laid down by the Supreme Court of the United States in the case of York Mfg. Co. v. Cassell,

201 U. S. 352, 26 Sup. Ct. 481, 50 L. Ed. 782, and Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986.

For the reasons hereinbefore stated, the judgment of the district court is affirmed.

Affirmed.