The following statement appears in the record:
"On February 7, 1922, Lipscomb-Russell Company filed a creditor's bill against Hobbs-Henderson Company, a corporation, engaged in the mercantile business at Central, S.C., in the Court of Common Pleas for Pickens County. The bill alleged the imminent insolvency of the defendant corporation and prayed for a Receiver to conserve the assets to operate the defendant's mercantile business temporarily and to liquidate same. The defendant, on the *Page 225 
same day, accepted service of the summons and complaint, and consented to the appointment of a Receiver.
"On the same day, February 7, 1922, Judge Frank B. Gary made an order appointing J.P. Abernathy Receiver upon filing $5,000.00 bond, and authorized the Receiver to operate the mercantile business. The order, among other things, provided: `That all creditors of the defendant and all other persons be, and they are hereby, enjoined from proceeding against the defendant or its property except in this action; and the case is referred to C.E. Robinson, Esq., as Special Master, to call in creditors and to file and report on claims."
J.P. Abernathy immediately qualified as Receiver, and took charge of the business.
On March 31, 1922, Judge T.J. Mauldin filed an order in the cause authorizing and directing the Receiver to sell the assets of Hobbs-Henderson Company to a third party for $7,000.00 cash, and the cancellation of about $6,000.00 of indebtedness. The order provided that "said assets shall be sold and delivered free and clear of incumbrance, the lien or other rights of any and all creditors as to said assets being hereby transferred to the purchase money." On the same day, March 31, 1922, the Receiver delivered the assets to the purchaser and received the purchase price.
Thereafter, American Slicing Machine Company filed its claim with the Special Master, claiming a certain meat slicing machine formerly in the possession of the Receiver, and, if it could not be returned, claiming the sum of $290.00. The claim grew out of the following facts:
On October 13, 1921, American Slicing Machine Company entered into a contract with Hobbs-Henderson Company for the sale and purchase of a meat slicing machine. The machine was delivered to Hobbs-Henderson Company, at Central, about the same time, and was put to use in its store. The Receiver found it in the store when he took *Page 226 
charge, and it was included in the assets sold and delivered on March 31, 1922, under the order of Judge Mauldin. The contract covering the sale and purchase of this machine was duly recorded in the office of the Clerk of Court of Pickens County in Chattel Mortgage Book C C, at pages 524, 525, on March 30, 1922, the day before the sale of the assets under the order of Judge Mauldin.
The claims presented to and allowed by the Special Master included more than $1,000.00 worth of goods sold and delivered to Hobbs-Henderson Company, after the date of American Slicing Machine Company's contract, the sellers of which had no notice of said contract.
The majority of the claims filed with the Receiver in this case were for debts contracted before the date of the contract entered into between Hobbs-Henderson Company and American Slicing Machine Company, which is the contract in question.
The hearing on the claim was had before the Special Master on July 17, 1922. The claimant took the position that under the terms of the contract it was entitled either to the return of the machine or the payment of the unpaid portion of the purchase price, to wit, $290.00, out of the assets in the hands of the Receiver. The Receiver took the position that the failure to record the contract until after his appointment and qualification left the claimant in the position of an unsecured general creditor. The estate, upon liquidation, proved to be insolvent.
The Special Master sustained the position of the Receiver. By consent of counsel the matter was argued before Judge Mauldin at Chambers on the same day, on exceptions to the Special Master's report, and from his order overruling the claimant's exceptions the case now comes to this Court.
In the contract between American Slicing Machine Company and Hobbs-Henderson Company is this provision: *Page 227 
"The said machine shall be the property of the American Machine Company until fully paid for by the undersigned."
Section 3740 of the Code of Laws, 1912, is as follows:
"Every agreement between the vendor and vendee, bailor or bailee of personal property, whereby the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for valuable consideration without notice, unless the same be reduced to writing and recorded in the manner now provided by law for the recording of mortgages; but nothing herein contained shall apply to livey stable keepers, innkeepers, or any other persons letting or hiring property for temporary use or for agricultural purposes, or depositing such property for the purpose of repairs or work or labor done thereon, or as a pledge or collateral to a loan."
Among the claims allowed by the Special Master were those of subsequent creditors to the extent of more than $1,000.00, without notice of the mortgage executed by Hobbs-Henderson Company, in favor of American Slicing Machine Company. The mortgage was null and void as to those creditors. The priority of these subsequent creditors was not affected by the appointment of a Receiver, not by the recording of the mortgage thereafter.
When the section of the Code of Laws, 1912 (now numbered 3740), was under consideration in the case of Armourv. Ross, 78 S.C. 294; 58 S.E., 941, 1135, the words "Whether lien creditors or simple contract creditors" had not been inserted. That section was amended in 1898.
The judgment should be affirmed. *Page 228