## YORK MANUFACTURING COMPANY v. CASSELL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH
CIRCUIT.

No. 208. Argued March 14, 1906.—Decided April 2, 1906.

A mortgage containing no clause covering after-acquired property is not a lien on machinery placed on the land after the execution of the mortgage, and the title to which is reserved in the vendor until payment therefor.

The trustee in bankruptcy is vested with no better right or title to the property than the bankrupt had when the trustee's title accrued; and where, as in the State of Ohio, a conditional sale contract is good as between the parties themselves although not filed, the vendor of machinery, sold and delivered under such a contract and payment for which had not been made, may remove the same as against all creditors of the bankrupt who have not fastened upon it by some specific lien.

THE York Manufacturing Company has appealed from a judgment of the Circuit Court of Appeals, which held that the company had no lien upon or right to remove certain machinery, as against creditors of the Mount Vernon Ice, Coal and Milling Company, a bankrupt corporation. The facts upon which the question arises are as follows:

The corporation above named was organized under the laws of the State of Ohio, and was doing business at Mount Vernon, in that State. The company desired to enlarge its plant for the purpose of making ice, and to that end it was necessary to secure the proper machinery. It therefore entered into a contract, which was concluded October 27, 1902, with the appellant, the York Manufacturing Company, to supply that machinery for the sum of $7,375, to be paid in installments as stated in the contract. The contract also contained a stipulation "that the title to and ownership of the machinery, apparatus or plant herein contracted for shall remain in the York Manufacturing Company until the entire purchase price herein agreed to be paid . . . shall be actually paid in cash." The vendor

was given the right to enter the premises of vendee and remove the property in case of default. Twenty-five per cent only of the price of the machinery was ever paid. This contract was never filed, as required by the statute of Ohio relating to con-ditional sales. See Sec. 4155, which is set forth in the margin.[1]

The corporation being short of funds for the purpose of building, desired to obtain them by the execution of a mortgage on the lot on which the building was to be erected. One William Mild was the president of the corporation and was the owner of and had the legal title to the real estate upon which its plant was being constructed. Mild applied to Messrs. Waight & Ames to assist in raising money, by lending their credit as sureties on notes to be given for loans to the corporation up to the sum of $10,000, by such persons or banks as loans could be

---

[1] Section 4155, Revised Statutes of Ohio, provides as follows:

"In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer or deliverer of the same, until such sum or the value of such property or any part thereof shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors, unless such conditions shall be evidenced by writing, signed by the purchasers, lessor, renter, hirer or receiver of the same, and also a statement thereon, under oath, made by the person so selling, leasing or delivering any property as herein provided, his agent or attorney of the amount of the claim or a true copy thereof, with an affidavit that the same is a copy, deposited with the clerk of the township where the person signing the instrument resides at the time of the execution thereof, if a resident of the State, and if not such resident, then with the clerk of the township in which such property is sold, leased, rented, hired, or delivered is situated at the time of the execution of the instrument; but when the person executing the instrument is a resident of a township in which the office of county recorder is kept, or when he is a non-resident of the State, and the property is within such township, the instrument shall be filed with the county recorder; and the officer receiving any such instrument shall proceed with the same in all respects as he is required to do by section four thousand one hundred and fifty-two of the Revised Statutes of Ohio, and shall receive the same fees as are allowed by law for similar services in other cases."

obtained from. Waight & Ames agreed to become such sureties, and the parties then entered into an agreement for that purpose, the particulars of which it is not necessary here to deal with.

At the date of the Waight & Ames agreement, November 1, 1902, no part of the machinery had come to the possession of the company, but it began to arrive in January, 1903, and was finally installed in the plant three or four months later.

On the same date that the agreement was executed a mortgage, without date, was also executed by William Mild, in whom the title was, to Waight & Ames, conditioned for their indemnification for becoming sureties, as contemplated by their agreement. This mortgage was not recorded until July 16, 1903, and on the next day the corporation made a general assignment for the benefit of its creditors. On July 22, 1903, a petition by creditors of the corporation was filed for an adjudication of bankruptcy against it, and on December 11, 1903, the adjudication was made.

Soon after the adjudication the York Manufacturing Company filed an intervening petition, which set forth the contract under which they sold the machinery to the bankrupt, and alleged default in payment and prayed that the company might be allowed to enter the premises and remove the machinery therefrom. This petition was resisted by the creditors.

A short time thereafter Waight & Ames filed their intervening petition, setting up their mortgage, and alleging that they had no knowledge of the contract with the York Manufacturing Company at the time of taking their mortgage, and prayed that they might be given precedence over that company. It appears they did raise for Mild the sum of $10,000, by indorsing for him to that extent, and a portion of it they have since been compelled to pay, and they are liable for the balance.

The referee in bankruptcy, before whom the question came, held that the mortgage of Waight & Ames was a valid lien on all the bankrupt's property, including the machinery furnished by the York Manufacturing Company, subject, however, to a

purchase money mortgage on the lot for $1,000. He also held that the York Manufacturing Company had no lien on the machinery, but was a general creditor only.

The District Court, on a petition for review, reversed this ruling, and held that the mortgage of Waight & Ames did not cover the machinery supplied by the York Manufacturing Company, but that the latter had no lien thereon as against general creditors; that the mortgage of Waight & Ames was a valid lien on the rest of the property, subject to the purchase money mortgage on the lot; that they were not creditors of the bankrupt corporation, except as to the sum of $1,500 they had charged for becoming sureties under the contract above mentioned, but the court held that they might prove the debts of the creditors who held the notes on which they were sureties, if the creditors failed to do so, and that they might be subrogated to the rights of the creditors to the extent they had paid or might pay any balance due on said notes remaining after applying thereon the surplus of the proceeds of the sale of the real estate, after the purchase money mortgage had been paid, and that the entire $10,000 of the notes, which were mentioned in the contract between Waight & Ames and the company, and for which they were to be sureties, might be included in this right of subrogation. This of course did not include a note for $1,000, which had been paid five months before the proceedings in bankruptcy. The District Court held that the mortgage of Waight & Ames was subordinate to the lien of the York Manufacturing Company, because no part of it had been placed on the ground of the bankrupt until two months after the making of the mortgage to Waight & Ames. The court, however, held that the general creditors were entitled to have the plant of the York Manufacturing Company sold for the payment of their claims because of the failure of that company to file the conditional sale contract, as required by the Ohio statute, and such failure rendered the contract void as to the creditors. Waight & Ames did not appeal from the District Court's decree.

The Circuit Court of Appeals, upon appeal by the York Manufacturing Company, affirmed the District Court, 135 Fed. Rep. 52, and that company has appealed here.

Mr. Constant Southworth, with whom Mr. John L. Lott and Mr. Louis J. Dolle were on the brief, for appellant:

Unrecorded conditional sale of chattels is superior to lien of prior realty mortgage. Fosdick v. Schall, 99 U. S. 235; Manhattan Trust Co. v. Sioux City Ry. Co., 76 Fed. Rep. 658; Meyer v. Car Co., 102 U. S. 1; Cumberland v. Maryport (1892), 1 Chan. 415; Mott Iron Works v. Middle States L. B. & C. Co., 17 App. D. C. 584; Duntz v. Granger Brewing Co., 83 N. Y. Supp. 957. Other cases of conditional sales are: Ins. Co. v. George, 77 Minnesota, 319; Adams Mach. Co. v. Association, 119 Alabama, 97; Warren v. Liddel, 110 Alabama, 232; Lansing &c. Works v. Wilbur, 111 Michigan, 413; Harris v. Hackley, 127 Michigan, 46; German v. Weber, 16 Washington, 95; Page v. Edwards, 64 Vermont, 124. See also Campbell v. Roddy, 44 N. J. Eq. 244; Hine v. Morris, 3 Bull. 515 (Ohio Dist. Ct.); Tifft v. Horton, 53 N. Y. 377; Blinkley v. Forkner, 117 Indiana, 176; Wheeler v. Bedell, 40 Michigan, 693.

Whether personalty attached to realty becomes realty is a question of intention between the parties. Tifft v. Horton, supra; Aldine Mfg. Co. v. Barnard, 84 Michigan, 632.

The word "creditors" in the Ohio conditional sales law includes only judgment creditors. A judgment is requisite in order to enable a creditor to attack a previous conveyance by his debtor. This is because the existence of his debt must be in some way ascertained and must be fastened upon the land. Martin v. Bowen, 51 N. J. Eq. 452.

It is as well settled in statutes as to conditional sales, as in statutes in regard to chattel mortgages, that the word "creditor" refers solely to creditors who hold some additional lien. The reason for this is that the fact that the conditional vendor, or the mortgagee, under instruments not properly filed, has no less rights than formerly, and such failure to record does not

give to the mere creditor any specific right in the property con-
ditionally sold. It merely leaves the property in such a con-
dition that the general creditor by diligence may acquire a
prior lien thereon. Jones on Chattel Mortgages, 4th ed.,
§ 245; *In re Cassie L. Chadwick*, 50 Wkly. Law Bull. (Ohio)
413; *Jones* v. *Graham*, 77 N. Y. 628; *Sheldon* v. *Wickham*,
161 N. Y. 500; *Stephens* v. *Meriden Brittania Co.*, 160 N. Y.
178; *Meyer Bros. Drug Co.* v. *Pipkin Drug Co.*, 136 Fed.
Rep. 396; *Stewart* v. *Beale*, 7 Hun, 405; *Hall* v. *Keating
Implement Co.*, 33 Tex. Civ. App. 526; *Bowen* v. *Wagon
Works*, 91 Texas, 385.

The statute protects only subsequent creditors and mort-
gagees and not prior creditors. *In re Sewell*, 111 Fed. Rep.
791; *In re Ducker*, 133 Fed. Rep. 771; *S. C.*, aff'd, 134 Fed.
Rep. 43; *Baldwin &c. Co.* v. *Crow*, 86 Kentucky, 679; *Wicks*
v. *McConnell*, 20 Ky. L. R. 84; *Brown* v. *Brabb*, 67 Michigan,
17; *First National Bank of Corning* v. *Reid*, 122 Iowa, 280;
*In re Cannon*, 10 Am. B. Rep. 64; *Harrison* v. *South Carthage
Mining Co.*, 106 Mo. App. 32. The date from which to reckon
who are prior creditors is the date of delivery of the machinery.
*In re Gosch*, 126 Fed. Rep. 627.

The trustee in bankruptcy takes no greater title than the
bankrupt and the bankruptcy proceedings do not operate as
a judicial seizure, conferring new and greater rights on the
creditors of the bankrupt. *Thompson* v. *Fairbanks*, 196 U. S.
516; *Hewit* v. *Berlin Machine Works*, 194 U. S. 296; *Sheldon*
v. *Wickham*, 161 N. Y. 500; Collier on Bankruptcy, 5th ed.,
553; *Gibson* v. *Warden*, 14 Wall. 244; *Douglas* v. *Vogeler*, 6
Fed. Rep. 53; *Donaldson* v. *Farwell*, 93 U. S. 631; *Winsor* v.
*McLellan*, 2 Story, 492; *Mannix* v. *Purcell*, 46 Ohio St. 102;
*Shaw* v. *Glen*, 37 N. J. Eq. 32; *Van Heusen* v. *Radcliff*, 17
N. Y. 580; *Nebraska Plow Co.* v. *Blackburn*, 104 N. W. Rep.
178; *Cincinnati Warehouse Co.* v. *Combs*, 109 Kentucky, 21;
*In re Wise*, 121 Iowa, 359; *Ryder* v. *Ryder*, 19 R. I. 188.

It would be unconstitutional for Congress to attempt to
give the mere filing of the petition, or the adjudication, the

effect of rendering judgment in favor of all the creditors. The proceedings have none of the characteristics of a recovery of a judgment. The debts are not adjudicated. The mere filing of the petition could not have that effect. The adjudication could not have that effect, because at most the claims of only the petitioning creditors are passed upon.

If the equities of the York Manufacturing Company and the creditors are equal, the former must prevail, as being prior in time. *Cincinnati Warehouse Co.* v. *Combs, supra.*

As to the creditors having actual knowledge of the reservation of title to appellant, their claims are entitled to no priority.

The sole object and purpose of the recording act is to give notice. If there is actual notice the object of the act is accomplished. Hence, it has been uniformly held, that notice is equivalent to record. There is an exception in Ohio as to mortgages of land. This is because of the peculiar wording of the statute. That notice is equal to record has been the law ever since the leading case of *Le Neve* v. *Le Neve,* 2 White & Tudor Leading Cases in Equity, 109. *Batchelder* v. *Sanborn,* 66 N. H. 192; *Frick* v. *Fritz,* 115 Iowa, 438; *Aultman* v. *Kennedy,* 114 Iowa, 444; *Dyer* v. *Thorstad,* 35 Minnesota, 534; *Smith & Nixon* v. *Simper & White,* 15 Ohio Cir. Ct. 375.

There was no appearance for appellee.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The question is simply whether the York Manufacturing Company has a right under its conditional sale of the machinery to the bankrupt corporation to take the machinery out of the premises where it was placed as against all except judgment, or other, creditors, by some specific lien. There are no judgment creditors in the case and no attachment has been levied, and the question is simply whether the adjudication in bankruptcy is equivalent to a judgment or an attach-

ment on the property, so as to prevent the York Manufacturing Company from asserting its right to remove the machinery by virtue of the reservation of title contained in its contract.

In *Wilson* v. *Leslie*, 20 Ohio, 161, the court was construing the language of the statute relating to chattel mortgages, which declared a mortgage absolutely void as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof should be deposited forthwith, as directed in the act. The court held that the mortgage was not void for lack of filing, as between the parties thereto, but that the statute only avoided 'the instrument as to those creditors who, between the time of the execution of the mortgage and the filing thereof, had taken steps to ".fasten upon the property for the payment of their debts." As against such as had in the interim secured liens by attachment, execution or otherwise, the mortgage would be void. When filed with the recorder the instrument became valid as against all persons, except those whose rights had 'attached upon the property before the recording of the instrument. See to the same effect *In re Shirley*, 112 Fed. Rep. 301.

We have not been referred to any decision of the Supreme Court of Ohio as to the meaning of the statute requiring the filing of contracts 'of conditional sales, but we concur with the Circuit Court of Appeals in this case, that the statute would render the unfiled contract void as to the same class of creditors mentioned in the chattel mortgage statute. Therefore the contract would be void as to creditors who before its filing had "fastened upon the property" by some specific liens. As to creditors who had no such lien, being general creditors only, the statute does not avoid the sale, which is good between the parties to the contract.

The mortgage of Waight & Ames cannot be a lien on the machinery sold by the York Manufacturing Company, because the mortgage was prior to the time when any portion of such machinery was placed upon the land. There was no clause in

the mortgage covering after-acquired property, and in any event the mortgage would not cover property so acquired, the title to which, as in this case, was reserved to the vendor. This was the ruling of the District Court, and no appeal was taken therefrom by the mortgagees. There are no creditors with any specific liens, nor is there any other mortgage, and there is no attachment.

We come then to the question whether the adjudication in bankrutpcy was equivalent to a judgment, attachment or other specific lien upon the machinery. The Circuit Court of Appeals has held herein that the seizure by the court of bankruptcy operated as an attachment and an injunction for the benefit of all persons having interests in the bankrupt's estate.

We are of opinion that it did not operate as a lien upon the machinery as against the York Manufacturing Company, the vendor thereof. Under the provisions of the bankrupt act the trustee in bankruptcy is vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time when the trustee's title accrued. At that time the right, as between the bankrupt and the York Manufacturing Company, was in the latter company to take the machinery on account of default in the payment therefor. The trustee under such circumstances stands simply in the shoes of the bankrupt and as between them he has no greater right than the bankrupt. This is held in *Hewit* v. *Berlin Machine Works,* 194 U. S. 296. The same view was taken in *Thompson* v. *Fairbanks,* 196 U. S. 516. It was there stated that "under the present bankrupt act, the trustee takes the property of the bankrupt, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities impressed upon it in the hands of the bankrupt." See *Yeatman* v. *Savings Institution,* 95 U. S. 764; *Stewart* v. *Platt,* 101 U. S. 731; *Hauselt* v. *Harrison,* 105 U. S. 401. The same doctrine was reaffirmed in *Humphrey* v. *Tatman,* 198 U. S. 91. The law of Ohio says the conditional sale contract was good between the parties, although not filed. In such a

case the trustee in bankruptcy takes only the rights of the bankrupt, where there are no specific liens, as already stated.

The remark made in *Mueller* v. *Nugent,* 184 U. S. 1, "that the filing of the petition [in bankruptcy] is a caveat to all the world, and in effect an attachment and injunction," was made in regard to the particular facts in that case. The case itself raised questions entirely foreign to the one herein arising, and did not involve any inquiry into the title of a trustee in bankruptcy as between himself and the bankrupt, under such facts as are above stated. The dispute in the *Mueller* case was whether the court in bankruptcy had power to compel, in a summary way, the surrender of money or other property of the bankrupt in the possession of the bankrupt, or of some one for him, without resorting to a suit for that purpose. This court held, as stated by the Chief Justice in delivering its opinion: "The bankruptcy court would be helpless indeed if the bare refusal to turn over could conclusively operate to drive the trustee to an action to recover as for an indebtedness, or a conversion, or to proceedings in chancery, at the risk of the accompaniments of delay, complication, and expense, intended to be avoided by the simpler methods of the bankrupt law." It was held that the trustee was not thus bound, but had the right, under the facts in that case, to proceed under the bankrupt law itself and take the property out of the hands of the bankrupt or any one holding it for him.

In this case, under the authorities already cited, the York Manufacturing Company had the right, as between itself and the trustee in bankruptcy, to take the property under the unfiled contract with the bankrupt, and the adjudication in bankruptcy did not operate as a lien upon this machinery in favor of the trustee as against the York Manufacturing Company.

The decree of the Circuit Court of Appeals is reversed and the case remanded to the District Court, with directions to enter a decree in conformity with this opinion.

*Reversed*