## In re BURT et al.

(District Court, E. D. Pennsylvania. July 24, 1907.)

### No. 2,554.

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE.

Bankrupts at the time of the filing of the petition against them had been for more than 30 days in possession of machinery which had been shipped to them under contracts by which they agreed to pay for the same within one year from shipment, and which provided that a retention of the property after 30 days from date of shipment should constitute a trial and acceptance. *Held*, that such contracts constituted conditional sales, and not bailments under the law of Pennsylvania, and the property, being subject to transfer by the purchasers or to seizure and sale by their creditors under such law, passed to their trustee in bankruptcy under Bankruptcy Act July 1, 1898, § 70a (5), c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 199.]

In Bankruptcy. On report of referee.

E. H. Hall, for petitioners.
Edwin S. Dixon, for trustee.

HOLLAND, District Judge. At the time the petition in bankruptcy was filed in this case the alleged bankrupts were in possession of machinery received by them from Fay & Eagan Company upon three different contracts, all of similar tenor. A copy of the first is as follows:

"Subject to strikes, accidents or other delays beyond your control, please ship in good order the following machinery, delivered f. o. b. Philadelphia, Pa., about ———— 190

"One No. 156 new cabinet smoothing planer with set of knives, wrenches, countershaft and all complete to dress material 24″ wide and 7″ thick divided feed roll. One No. 146 bank rip and re-saw with two three inch blades and brazing tools. For which we agree to pay within one year after date of shipment, eleven hundred and sixty ($1,160.00) dollars. In case payment is divided, to be made as follows, the deferred payment to be evidenced by notes bearing date of shipment and interest: (1) Payment, two hundred dollars ($200.00) to be 30 days after receipt of tools (without interest). (2) Payment three months from receipt of goods evidenced by note $240.00. (3) Payment six months from receipt of goods evidenced by note $240.00. (4) Payment nine months from receipt of goods evidenced by note $240.00. (5) Payment twelve months from receipt of goods evidenced by note $240.00.

"It is agreed that title to the property mentioned above shall remain in the J. A. Fay & Eagan Co. until fully paid for in cash, and that this contract is not modified or added to by any agreement not expressly stated herein, that a retention of the property forwarded after thirty days from date of shipment, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty express or implied. It is further agreed that the purchaser shall keep the property fully insured for the benefit of J. A. Fay & Eagan Company, and that the said machinery shall not become a fixture to any realty on account of being annexed thereto."

It will be noticed that the bankrupts in this form of order and agreement requested the Fay & Eagan Company to ship to them the machinery, for which they agreed to pay in one year after date of shipment the amount specified, and it is further stipulated:

"That a retention of the property forwarded after thirty days from the date of shipment shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor."

The order, the mode of payment, the 30 days' trial, to consummate the sale, and make it binding after that date, and the whole tenor of the contract are such as to indicate this to be a conditional sale of the property, and not a bailment, under the Pennsylvania law. The fact that there was a stipulation by the purchaser that the title might remain in the vendors until paid for does not entitle them to prevail, because under section 70a, par. 5, of the act of 1898 (Bankr. Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]), property which prior to the filing of the petition he (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial proceedings against him will pass to the trustee in bankruptcy. In Pennsylvania, property in the possession of a creditor on conditional sale can be levied upon and sold under judicial proceedings, and comes clearly within the definition of property which passes to the trustee.

In the case of Louis Fabian, Bankrupt (D. C.) 151 Fed. 949, the agreement was a consignment of goods to be sold for the account of Schleestein, Cohn & Co., and was clearly not a conditional sale, as was held by Judge McPherson, and, as the property was that of the claimant, it was in that case properly held that no title passed to the bankrupt; and the case of York Co. v. Cassel, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, s. c. 15 Am. Bankr. Rep. 633, was entirely in point, and ruled the case, but has no application in case of a bailment in Pennsylvania. The agreement is clearly a conditional sale. Title passed to the bankrupts upon the delivery of the machinery, and a trial and retention for 30 days bound the bankrupts to retain and pay for the property. At any time this machinery could have been levied upon by creditors and sold under judicial proceedings and upon the institution of proceedings in bankruptcy passed to the trustee.

The report of the referee is affirmed.