UNION TRUST CO. v. BEACH MFG. CO.    (W. S. PATTERSON & CO., Interveners).

(District Court, S. D. Georgia.  May 27, 1915.)

CHATTEL MORTGAGES ☞138—CONDITIONAL SALE—FAILURE TO RECORD—PRIORITIES.

Where property, bought under a conditional sale contract which was never recorded, was mingled with other property of the buyer covered by a pre-existing mortgage, which was to include after-acquired property, the seller could, under the laws of Georgia, enforce his reserved title against the mortgagee.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228–236; Dec. Dig. ☞138.]

In Equity.  Suit by the Union Trust Company against the Beach Manufacturing Company, in which W. S. Patterson & Co. intervened,

claiming the property. Report of the master, allowing the claim of the interveners, confirmed.

Hardeman, Jones, Park & Johnston, of Macon, Ga., for complainant. Levi O'Steen, of Douglas, Ga., for interveners.

NEWMAN, District Judge. In the Case of the Atlanta News Publishing Company (D. C.) 160 Fed. 519, I held that under the law of Georgia, as interpreted by the Supreme Court of the state, a vendor, making a conditional sale of property and having a contract in writing by which he retains title to the property sold, such property going into and being mingled with other property of the vendee on which there was a pre-existing mortgage, could recover his property as against such antecedent mortgage, although the conditional contract of sale was not recorded. In the Atlanta News Case I quoted from the opinion by Judge Blanford in Conder v. Holleman & Ballard, 71 Ga. 93, as follows:

"But the object of the registration of mortgages is to give notice to all persons having dealings with the mortgagor of the existence of the mortgage; and in this case it appears that the dealings had between the plaintiff in execution and the defendant had taken place long before the sale of the property levied on, which was sold by the claimant to the defendant in execution, and the judgment in said case had been obtained long before said conditional sale. Then, whether said conditional sale had been duly recorded or not, it would not in any manner affect the plaintiff, whose judgment had been obtained before the sale, and as to him it made no difference whether the sale was recorded or not. A judgment creditor of a mortgagor, whose judgment was obtained before the making of a mortgage, would not be affected by the record of such mortgage in any way. So this judgment creditor is in no wise affected by the nonrecord of this conditional sale; no right has accrued to him between the making of the conditional sale and the record of the same; he is not hurt by its nonrecord; and as to him it is the same as if the sale had been duly recorded. The title to this property was in the claimant, he having reserved the same until it was paid for by the defendant in execution, and he did not lose the same, nor render it liable or subject to the judgment and execution of plaintiff, by reason of not having his conditional sale recorded within 30 days. The lien of this judgment never attached to the property levied on."

And after citing other Georgia decisions to the same effect I quote an expression from York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, as follows:

"There was no clause in the mortgage covering after-acquired property, and in any event the mortgage would not cover property so acquired, the title to which, as in this case, was reserved to the vendor."

In this York Manufacturing Company Case, as will be seen by an examination of it, the contract was never filed, as required by the statute of Ohio relating to a conditional sale. In the present case there is said to be a clause in the mortgage of the Union Trust Company covering after-acquired property; but, even if that is so, it never attached to this property of Patterson & Co.

The master's report is therefore confirmed as to the three mules described by him in his report, viz.:

"One red mare mule, about 9 years old, weighing about 900 pounds; one yellow mare mule, about 8 years old, weighing about 900 pounds; and one horse mule, about 15 years old, weighing about 900 pounds."

If counsel can agree upon the amount to be found for hire, I think that should be found in favor of the interveners, but, as the special master states, not as a preferred claim. Otherwise, I do not know how much to find from this report. But the three mules the interveners W. S. Patterson & Co. should have at once, and the report of the master is confirmed to that extent.