UNION TRUST CO. v. BEACH MFG. CO. (DU PREE, Intervener).

(District Court, S. D. Georgia. May 27, 1915.)

No. 5.

SALES ☞474—CONDITIONAL SALE—LIEN—PRIORITY.

A judgment in favor of a judgment creditor, who gave no credit to the debtor on the faith of his ownership of chattels covered by an unrecorded conditional sale contract, does not affect the seller's right to the chattels under his reserved title.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1391–1402; Dec. Dig. ☞474.]

In Equity. Suit by the Union Trust Company against the Beach Manufacturing Company, in which Mrs. S. A. Du Pree intervened, claiming the property. Report of the master, allowing the claim of the intervener, confirmed.

Hardeman, Jones, Park & Johnston, of Macon, Ga., for complainant. Girard M. Cohen, of Savannah, Ga., for intervener.

NEWMAN, District Judge. In this case the report of the master is correct, and all exceptions to the same should be overruled. This is true for the reasons given by me in the opinion just filed on the intervention of W. S. Patterson & Co. in the above case, 225 Fed. 93. The lien of the mortgage of the Union Trust Company could not attach to this property, because no title ever went into the Beach Manufacturing Company, as the master correctly held.

Under the statute of Georgia, it seems to me he also found correctly that the intervener will have the right to proceed against the five mules still on hand, purchased from Fender & Johnson, and the two mules still on hand, purchased from Fender & Plowden, and thereafter, if the seven mules in question do not bring enough to pay the debt, to proceed upon the bond given to dissolve the garnishment.

The judgment set up here against the rights of this intervener cannot affect the same in any way in my opinion. The rule with reference to the nonrecord of these conditional sales, where they are in writing, is that the failure to record them only affects persons who contract with the purchaser of the property on the assumption that he is the owner of the property the subject of the conditional sale; and the law goes upon the idea that it would be a fraud on them to allow people to sell property in this way and leave it in the hands of the purchaser without recording their contract of conditional sale, thus deceiving them, and then claim the right to set up their contract of conditional sale. There is nothing whatever in the record to show that either of the judgment creditors sold goods to the Beach Manu-

facturing Company on the strength of the ownership of these mules. I think, under any view of the matter, the judgments have no effect upon the title to this property.

The master's report is therefore confirmed. The cases referred to in the opinion on the intervention of W. S. Patterson & Co. (In re Atlanta News Publishing Co. [D. C.] 160 Fed. 519, and York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782) are absolutely controlling in this case.