## In re IJAMS & LANDEN, Inc.

District Court, S. D. Ohio, E. D. July 27, 1927.

### No. 5418.

Bankruptcy ⬅184(2)—Provision in lease, not recorded as chattel mortgage under Ohio statute, held not to give lessor lien on chattels as against lessee's trustee in bankruptcy in possession.

Provision in lease of store building, giving lessor a lien for rent on all chattels kept in or used in connection with the building, which instrument was recorded as a lease, but not as a chattel mortgage or other chattel lien, as required by the Ohio statute, held not to give lessor a lien upon the goods and chattel fixtures of lessee as against its trustee in bankruptcy in possession.

In Bankruptcy. In the matter of Ijams & Landen, Inc., bankrupt. On claim of the Neil House Company for lien for rent. Denied.

Bennett, Westfall & Bennett, of Columbus, Ohio, for Neil House Co.

Huggins & Liggett, of Columbus, Ohio, for receiver.

O. C. Ingalls, of Columbus, Ohio, for trustee.

HOUGH, District Judge. The above-named firm has been adjudicated bankrupt upon an involuntary petition filed on the 14th of September, 1926. The stock of goods, fixtures, and appurtenances to the company's retail business was sold by a receiver in the state court, and the proceeds of the sale subsequently turned over to the trustee in bankruptcy.

The Neil House Company, lessor of the storeroom in which the business was conducted, under the terms of a written lease filed with the county recorder of Franklin county, as such, on the 29th day of January, 1926,

claimed a lien upon the stock of goods, fixtures, and appurtenances, and now claims a lien upon the fund arising from the sale of the same. The lease provides, among other things, as follows: "It is expressly covenanted and agreed that the lessor claims and reserves, and the lessee hereby gives and grants to the lessor, a lien on all of the lessee's fixtures, appliances, equipment, machinery, and chattels at any time used by the lessee in connection with the lessee's use of the premises. * * *" The document was filed as a lease, and not as a chattel mortgage, conditional sale contract, or as a lien.

Possession of the stock of goods, fixtures, equipment, and appliances was in the lessee at the time of the commencement of the receivership proceedings, and at no time, either before or since, did the lessor have or claim possession. So far as it appears, and in so far as it is now known, the fixtures and equipment sold by the receiver were chattel property, and possessed none of the elements of fixtures attached to and a part of the real estate. There is, therefore, no ground for the claim that any part of the property sold can be considered to come under the classification of fixtures real.

Under the authority and principle announced in the case of In re Bettman-Johnson Co. (C. C. A.) 250 F. 657, it must be held that, inasmuch as there was a noncompliance with the Ohio lien statutes, no lien was perfected as against creditors of the bankrupt represented by a duly selected and qualified trustee, although no doubt valid between the contracting parties.

In the opinion of the above-cited case, on page 667, which is a decision by the Circuit Court of Appeals of this district, and is found to have been cited and upheld in numerous later decisions, the following language is found:

"The statutory provisions requiring the verification and filing of chattel mortgages and conditional sales contracts are the same. Instruments of both classes are good as between the parties to them, whether there be a compliance with the statute in the respects named or not; but, as against subsequent purchasers of property described in a chattel mortgage or a conditional sales contract and creditors should have fastened upon the property by some specific lien, neither of such instruments, if either unfiled or unverified, is valid. Wilson v. Leslie, 20 Ohio, 161; York Mfg. Co. v. Cassell, 201 U. S. 344, 351, 26 S. Ct. 481, 50 L. Ed. 782; Boyer v. Howland, 11 Ohio Cir. Ct. R. (N. S.) 564; Boyer v. Knowlton Co., 85 Ohio St. at page 113, 97 N.

E. 137, 38 L. R. A. (N. S.) 224; Cass v. Rothman, 42 Ohio St. 380."

And further it appears: "Under the Ohio rule, as the trust receipt was neither verified nor filed in the recorder's office, the effect of the appointment of a receiver by the state court and his seizure of the defendant's property was to fasten the claims of creditors upon it and to give that officer control over it for the benefit of creditors as effectually as the creditors would have held it by attachment or levy. Cheney v. Maumee Cycle Co., 64 Ohio St. 205, 214, 215, 60 N. E. 207. The status of the trustee in bankruptcy under section 47a (2) of the Bankruptcy Act, as amended June 25, 1910 [Comp. St. § 9631], is not unlike that of the receiver appointed by the state court."

The lien of the Neil House Company cannot be sustained, and the amount owing it for rent is no more than a general claim of a creditor. Entry accordingly.