## YOHO HOOKER YOUNGSTOWN CO v McWEB'S, INC et

Ohio Appeals, 7th Dist, Mahoning Co

Decided February, 1935

H. P. McCoy, Youngstown, for plaintiff in error.

John J. Kane, Jr., Youngstown, for defendants in error.

## OPINION

By ROBERTS, J.

No additional evidence was offered by either party in the trial of this cause and the agreed statement of facts constitutes all evidence submitted in the case. It thus becomes apparent that there is no disputed question of fact in this case, and the issue presented involves only a determination of the law applicable thereto. More briefly stated, the legal question involved is simply whether or not McWeb's, Inc., by reason of this conditional sales contract, is entitled to the recovery of the possession of this property. Further, this issue involves a construction of §8568 GC, which reads as follows, as applicable to this case:

"When personal property is sold to a person to be paid for in whole or in part in installments, or is leased, rented. hired or delivered to another on condition that it will belong to the person purchasing, leasing, renting, hiring, or receiving it, when the amount paid is a certain sum, or the value of the property, the title to it to remain in the vendor, lessor, renter, hirer or deliverer thereof, until such sum or the value of the property or any part thereof has been paid, such condition, in regard to the title so remaining until payment, shall be void as to all subsequent purchasers and mortgagees in good faith and for value, and creditors unless the conditions are evidenced by writing, signed by the purchaser, lessee, renter, hirer or receiver thereof, and also a statement thereon, under oath, made by the person so selling, leasing or delivering the property, his agent or attorney, of the amount of the claim, or a true copy

thereof, with an affidavit that it is a copy, be deposited with the county recorder of the county where the person signing the instrument resides at the time of its execution, if a resident of the state, and if not such resident, then with the county recorder of the county in which the property is situated at the time of the execution of the instrument."

And particularly this part thereof where it is provided, referring to the contract, "Shall be void as to all subsequent purchasers and mortgagees in good faith and for value, and creditors unless the conditions are evidenced by writing, signed by the purchaser, lessee, renter, hirer or receiver thereof, and also a statement thereon, under oath, made by the person so selling, leasing or delivering the property, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that it is a copy, be deposited with the county recorder of the county where the person signing the instrument resides," etc.

It will be borne in mind that it is agreed that this conditional sales contract, admitted to be such, was not verified or filed as provided by law.

It is the contention of the cross petitioner, in claiming possession of this property, that the word "creditors" means lien creditors and does not protect or give any right in this property or its possession to general creditors. Concededly there were no subsequent purchasers or mortgagees in good faith for value, and no creditor had secured a lien on said property by execution, attachment, or otherwise. It is further agreed that this contract is good and enforceable between the seller and the purchaser of said property herein designated, in the absence of creditors, subsequent purchasers. and mortgagees in good faith. Concretely stated, the issue then narrows down to this proposition, that if the word "creditors" should be construed as meaning lien creditors only, then the contract is good as between the original parties, and the seller is entitled to the possession of the property, it being agreed that there were no lien creditors.

This court has devoted much time to a consideration of this question and to an examination not only of authorities cited in briefs of counsel but also of numerous other authorities.

Proceeding now to a consideration of authorities upon this question, as to whether the word "creditors" means creditors generally or should be construed as applying

only to creditors who have secured a lien on the property, attention is first directed to the case of **The Second National Bank of Hamilton v The Ohio Contract Purchase Co. et, 28 Oh Ap, page 93 (6 Abs 582)**. The court in this case considered the proper construction of §8568 GC as hereinbefore quoted. §2 of the syllabus reads:

"Sec 8568, GC, making unfiled conditional sales contracts void as to subsequent purchasers and mortgagees in good faith and for value, and creditors, does not protect prior creditors, prior creditors including those who become such prior to the date of the delivery of the property."

Reading from page 98 of the opinion:
"It is argued in the brief for the contract company that the word 'creditors', used in the section, has reference only to lien creditors—that is, such as had in the interim secured liens by attachment, execution, or otherwise."

On page 99 it is said in the opinion:
"It is settled law that the statute does not protect prior creditors. It has also been held that creditors becoming such prior to the date of the delivery of property, under the conditional sales act, are prior creditors."

On page 98 the court further says:
"In the case of York Mfg. Co. v Cassell, the United States Supreme Court, in a case which arose in Ohio, reported in 201 U. S., 344, 28 S. Ct., 481, 50 L. Ed., 782, held that an unrecorded conditional sale contract was good as against a trustee in bankruptcy of the conditional vendee, for the reason that the adjudication in bankruptcy did not operate as a lien upon the machinery in favor of the trustee, and that the trustee got no better title than his bankrupt had, and held that under the Ohio law a chattel mortgage was not void for lack of filing as between the parties thereto, and that the statute only voided the instrument as to those creditors who, between the time of the execution of the mortgage and the filing thereof, had taken steps to fasten upon the property for the payment of their debts."

The court then cites the case of Foerstner v Citizens' Sav. & Tr. Co., reported in 186 Fed. Rep., 1. This was an Ohio case, the first paragraph of the syllabi reading as follows:

"Rev. St. Ohio, §4150, provides that a chattel mortgage, not accompanied by im-

mediate delivery and followed by actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the mortgage or a true copy thereof be forthwith deposited for filing. Held, that under such section, as construed by the Supreme Court of Ohio, as between the chattel mortgagee and mortgagor of an unfiled mortgage and the vendor and vendee of an unfiled conditional sale contract, the mortgagee and vendor respectively hold the legal title, which is good as against all creditors who have not, before bankruptcy proceedings intervened, acquired a lien by legal proceedings."

Referring now to the case In Re Shirley, reported in 112 Fed. Rep., page 301, the first paragraph of the syllabus reads as follows:
"Rev. St. Ohio, §4150, which provides that a chattel mortgage, not accompanied by an immediate delivery followed by an actual and continued change of possession of the things mortgaged 'shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith,' unless the mortgage or a copy thereof be forthwith deposited for record, as construed by the Supreme Court of the state, does not make such a mortgage void as between the parties, but only as against those creditors who between the date of its execution and its filing have taken steps to fasten upon the property for the payment of their debts; and upon the subsequent filing of such a mortgage it becomes a valid lien from that date, in the absence of fraud, as against the general creditors of the mortgagor."

Referring now to the case of York Mfg. Co. v Arthur Cassell et, syllabus: (201 U. S., 344)
"An adjudication in bankruptcy is not the equivalent of a judgment or attachment, so as to operate as a lien in favor of the trustee as against the conditional vendor of property sold to the bankrupt, because of noncompliance with the requirement as to filing made by Ohio Rev. St. §4155, which, if given the construction placed by the highest state court upon a similar provision respecting chattel mortgages, renders an unfiled contract of conditional sale void only as to those creditors who have fastened upon the property by some specific lien."

In the opinion it is said:
"In **Wilson v Leslie, 20 Ohio, 161,** the

court was construing the language of the statute relating to chattel mortgages, which declared a mortgage absolutely void as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof should be deposited forthwith, as directed in the act. The court held that the mortgage was not void for lack of filing, as between the parties thereto, but that the statute only avoided the instrument as to those creditors who, between the time of the execution of the mortgage and the filing thereof, had taken steps to 'fasten upon the property for the payment of their debts.' As against such as had in the interim secured liens by attachment, execution, or otherwise, the mortgage would be void. When filed with the recorder the instrument became valid as against all persons except those whose rights have attached upon the property before the recording of the instrument. See to the same effect Re Shirley, 50 C.C.A., 252, 112 Fed., 301."

Thus far the citations of authorities in this opinion upon the propositions of the construction of the word "creditors" have been limited to Ohio authorities, for the reason that the issue involves the construction of an Ohio statute by Ohio courts. Considerable time has been devoted to a consideration of similar statutes in other states, which decisions vary somewhat by reason of the different language used in such statutes.

In 55 C.J., page 1251, it is said:
"While it appears to be the view in some jurisdictions that the statutes are broad enough to include general creditors within their protection, in most jurisdictions the rule is that general creditors are not within the protection afforded by the statutes requiring the filing or recording of conditional sales contracts, and that in order for creditors to avail themselves of the benefit of these statutes they must have acquired a specific lien on the property sold before the filing or recording of the conditional sales contract."

Many authorities are cited under this text.

We proceed now to another proposition considered in this case and urged by counsel for the defendant in error, and that is the claim that by reason of the appointment of a receiver and his administration of the estate of the insolvent, that a lien or priority is created in favor of the creditors equivalent to individual action by the creditors themselves, and thus becoming in effect lien creditors. In this connection we quote from the case of **State Nat'l Bank v Esterly, 69 Oh St, page 24,** and quoting only from the text on page 30:

"In cases under review, receivers were appointed, and it is not open to debate, that title to the debtor's property does not vest in the receiver, but remains in the debtor, except where the receiver is appointed in special cases, as in proceedings to dissolve a corporation, etc., subject to the possession and control of such receiver, until he sells the property under the direction of the court, when the title passes to the purchaser. Creditors who had no lien or title prior to the appointment of the receiver, gained neither in any sense or degree, through the receivership. Hence it is that property in the hands of a receiver is considered as in the court and under its control, to be administered so as best to subserve the ends of equity; and when the debtor's estate becomes assets in his hands, the general creditors acquire rights which the court will protect by placing all the creditors on an equality as far as possible. This is the rule stated in Bank v Bank, 3 N. J. Eq., 266, and many other cases."

Quoting now **Ohio Jurisprudence, Vol. 34, page 995:**
"On the other hand, a chattel mortgage containing an after-acquired property clause did not give a valid and subsisting lien in favor of the mortgagee against the receiver of the mortgagor as to the after-acquired property, in view of §8560 GC, although the mortgage was filed some four hours prior to the appointment of the receiver."

Quoting now from page 997:
"Creditors who had no lien or title prior to the appointment of a receiver gain neither in any sense or degree through the receivership. Except as to such liens as existed at the time of his appointment, such receiver generally holds the property for the benefit of general creditors under the direction of the court, and no lien can be acquired after the receiver has taken possession of the res."

This court has thus reached a conclusion in favor of the plaintiff in error upon the

two propositions involved, namely, the construction of the word "creditors" as used in the statute to mean only lien creditors, and concededly there was none such, and further, it being conceded that the conditional sales contract was good as between the parties in the absence of lien creditors, and the further proposition that the appointment and taking over of the property by the receiver did not create or constitute a lien in favor of the creditors. The final conclusion is thus reached that the plaintiff in error is entitled to the possession of the property claimed in this action, and that there was prejudicial error on the part of the Court of Common Pleas in holding otherwise, that the receiver was entitled to the property. Judgment reversed and cause remanded.

Judgment reversed.

CARTER and NICHOLS, JJ, concur.