## MILLER v RAILE & MORRISON

Ohio Appeals, 2nd Dist, Darke Co

No 591. Decided July 29, 1941

Paul Lennington, Muncie, Indiana; Murphy & Staley, Greenville, for plaintiff-appellant.

Wilbur D. Spidel, Greenville; H. Edward Williams, Greenville, for defendants-appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.

The undisputed facts are that the defendants, Raile & Morrison, between the dates of April 30, 1940, and June 4, 1940, extended credit to one H. H. Fullerton, the last credit being extended on the 4th day of June, 1940. In January, 1941, Raile & Morrison secured a judgment against H. H. Fullerton before a justice of the peace.

On the 25th day of June, 1940, plaintiff Miller sold Fullerton certain machinery commonly called a combine. This machinery was sold upon a conditional sales contract, which was executed in Miller's office near Muncie, Indiana. The machinery was delivered to Fullerton in Darke County, Ohio, approximately ten days after the execution of the conditional sales agreement. The conditional sales agreement was not filed with the Recorder of Darke County, Ohio. To satisfy the judgment which it has procured. the defendants, Raile & Morrison, levied an execution against such machinery. Thereupon Miller took the necessary steps through which a trial was had of property rights before G. S. Menkel, a justice of the peace for Greenville Township, Darke County, Ohio, as provided for in §§10371-10375 GC inclusive. After hearing, the justice found in favor of the defendants, Raile & Morrison. Thereafter the plaintiff, Miller, filed motion for new trial, which was overruled and final judgment entered. Within statutory time plaintiff gave notice of appeal on questions of law, thereby lodging the case in the Common Pleas Court.

After hearing, the Common Pleas Court affirmed the judgment rendered by the justice. Appellant now seeks a

reversal of the judgment of the Common Pleas Court.

Following the notice of appeal from the justice's court to the Common Pleas Court. defendants-appellees filed motion to dismiss the appeal on the ground that the action was not appealable. The Common Pleas Court overruled the motion and thereafter. decided the cause upon the merits.

While defendants-appellees are not prosecuting appeal, yet this motion to dismiss may properly be considered in this court, since the question is necessarily involved as to plaintiff-appellant's argument for reversal of the Common Pleas Court even though it presents a different reason than that upon which the court predicated its finding and judgment.

In other words, it is proper for us to search the record in the █ interest of supporting the judgment of the Common Pleas Court, even though it be upon different grounds.

Defendant-appellees' motion to dismiss the appeal was based primarily upon the provisions of §10396 GC. This section reads as follows:

"10396. **In what cases appeals not allowed.** Appeals in the following cases shall not be allowed:

1. On judgment rendered on confession;

2. In jury trials when neither party claims in his bill of particulars a sum exceeding twenty dollars;

3. In the action for the forcible entry and detention or forcible detention of real property;

4. In trials of the right of property under the statutes, either levied upon by execution or attached."

A first impression can very easily lead to the conclusion that this section, subdivision 4, denies the right of appeal. A careful reading of the new Procedural Act, effective January 1, 1936, together with the chapter on appeals before justices of the peace, brings us to a different conclusion.

The pertinent sections in the chapter on appeals from justices' courts will be found in §10382 to 10398 GC, inclusive These sections have existed in substantially the same language since the early 70's. At the time of their enactment the term appeal had an entirely different meaning from that given under the new Procedural Act. The context of the sections within the chapter on appeals from justices' courts refers to appeals for de novo hearings. They did not cover error proceedings, under whatever name such may have been designated.

We do not find any reported cases of error proceedings under sub-division 4 of the above quoted §10396 GC, but do find several under subdivision 3 relating to forcible entry and detention.

**Section 12223-3 GC** (effective January 1, 1936) among other things provides:

"That appeals from judgments * * * of justices of the peace upon questions of law and fact shall be taken in the manner now provided for in §§10382 to 10398, inclusive." (Emphasis ours).

The new Procedural Act provides for error proceedings in trials before justices of the peace in §§12223-23, 12223-24, 12223-25 and 12223-26 GC.

We quote the first section:

**12223-23. Appeal on questions of law to common pleas court.** A judgment rendered or final order made by a justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas. may be reversed, vacated, or modified by the common pleas court upon an appeal on questions of law."

By virtue of this section it is our conclusion that the Common Pleas Court was correct in over- █ ruling appellee's motion to dismiss the appeal from the justice's court.

This brings us to a consideration and review of the cause on the merits.

Plaintiff-appellant presents four separately stated and numbered assignments of error. Counsel for appellants in their brief, on page 5, correctly make the observation that one assignment of error reaches the entire matter to be here determined:

"The Common Pleas Court erred in finding that there was no error in the proceedings before the justice."

It is contended by plaintiff-appellant that even though the conditional sales contract was not filed with the Recorder of Darke County, Ohio, his right to the combine is superior to that of the defendants, Raile & Morrison.

The determination of this question involves a construction of §8568 GC which reads as follows:

"8568. When personal property is sold to a person to be paid for in whole or in part in installments, or is leased, rented, hired or delivered to another on condition that it will belong to the person purchasing, leasing, renting, hiring, or receiving it, when the amount paid is a certain sum, or the value of the property, title to it to remain in the vendor, lessor, renter, hirer or deliverer thereof, until such sum or the value of the property or any part thereof has been paid, such condition, in regard to the title so remaining until payment, shall be void as to all subsequent purchasers and mortgagees in good faith and for value. and **creditors** unless the conditions are evidenced in writing, signed by the purchaser, lessee, renter, hirer or receiver thereof, and also a statement thereon, under oath, made by the person so selling, leasing or delivering the property, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that it is a copy, be deposited with the county recorder of the county where the person signing the instrument resides at the time of its execution; if a

resident of the state. * * * " (Emphasis ours).

The construction involves the single word "creditors".

Counsel for appellees argue that the words "all subsequent purchasers and mortgagees in good faith and for value" should be read as including creditors. In other words, the construction of the section would read "all subsequent creditors," and thereby would not include the defendants, Raile & Morrison, since the indebtedness to them from Fullerton in all its items preceded the time of the execution of the conditional sales contract and the delivery of the same some ten days later.

Counsel for appellees urge that the word "creditors" means all creditors, whether subsequent or prior to and limited only by the fact that the property covered by the unfiled conditional sales contract has been seized under execution or some other kindred process prior to the filing of the sales contract with the County Recorder.

Counsel for appellant rely principally upon the case of the **Second National Bank of Hamilton v Ohio Contract Purchase Co. et, 28 Oh Ap 93,** decided November 14, 1927. Syllabus 2, as well as the opinion, supports plaintiff's contention. Syllabus 2 reads as follows:

"2. **Sec. 8568 GC,** making unfiled conditional sales contracts void as to subsequent purchasers and mortgagees in good faith and for value, and creditors, does not protect prior creditors, prior creditors including those who become such prior to the date of the delivery of the property."

It is our judgment that this statement in the above syllabus, under a recent decision of the Supreme Court of Ohio is too broad. We are inclined to think that we might follow the Butler County Court of Appeals in its judgment under the peculiar facts of that case, but can not agree that any distinction can be properly made solely

upon the ground of prior or subsequent creditors.

We think the reasoning of the court in the case of **Doyle, Receiver v The Yoho Hooker Youngstown Co., 130 Oh St 400,** (decided February 13, 1936) is deteiminative of the instant case. In this cited case the Supreme Court reversed the Court of Appeals **(19 Abs 250).** Judge Roberts writing the opinion in the Court of Appeals recognized the pertinency of the case decided by the First Circuit above referred to (28 Oh Ap .93) and cites this Butler County case as its first supporting authority.

Syllabi 1, 2 and 3 in the above referred to decision of the Supreme Court **(130 Oh St 400)** read as follows:

"1. As between the parties a contract of conditional sale is not rendered invalid by failure to deposit it with the recorder of the proper county as provided in §8568 GC.

2. The word "creditors" as used in §8568 GC, is not limited to creditors who have specific liens, as by levy under execution or attachment, but includes creditors in whose behalf a receiver has seized the property of an insolvent debtor for liquidation and payment of the insolvent's debts under and by virtue of an order of a court of competent jurisdiction.

3. Under such circumstances the appointment of a receiver amounts to an equitable execution, and his seizure of the property to an equitable levy, and they render invalid as to creditors a conditional sales contract ·which has not been deposited with the recorder of the proper county, and under which the insolvent debtor held the property as conditional vendee."

The factual question.in the Supreme Court case differs from the instant case in that in the reported case the property was seized by a receiver, whereas in the instant case the property was taken by a constable on execution.

Syllabus 2 above quoted leaves no other inference than that the Supreme Court was recognizing the right of execution and attachment creditors. The entire effort of the courts is seeking to demonstrate that the seizure by a receiver would be through a process identical in its effect with an execution or attachment. At the bottom of page 403 and top of page 404, Williams, J., in rendering the opinion, makes the following observation:

"This principle is imbedded in the jurisprudence of this state, and the rationale of the doctrine is that the appointment of the receiver and the qualification of the assignee in court are in the nature of an equitable execution, and the seizure by the receiver or assignee is in effect an equitable levy which fixes the rights of creditors in the property as fully as the right of an attaching or judgment creditor is fixed by the levy under an attachment or execution."

In the following paragraph, at the top of page 404, Judge Williams refers to the case of **Hanes v Tiffany, 25 Oh St 549, 553,** wherein the Supreme Court had held that the assignee for the benefit of creditors took the property of the debtor free from a claim of the mortgagee, under an unfiled chattel mortgage, stated in the opinion:

"There appears to be no good reason why their (the creditors') rights may not be as effectually asserted through the assignee, as they could be by judgment and execution in case there had been no assignment."

In the next paragraph Judge Williams cites four decisions of the Ohio Supreme Court where the above principle had been approved. He then makes the following observation:

"At the time of these decisions the statute which provided for the filing of chattel mortgages, used the .word "creditors" similarly to its use in §8568 GC."

Near the.top of page 405 appears the following: .

"In the reasoning of the opinion the basic legal tenet upon which the case is made to turn is that the appointment of the receiver constituted an equitable execution."

Again, on page 406:

"It is true a creditor or creditors can have no claim against or interest in the encumbered property unless the right of the creditor or creditors has been asserted through a seizure before the incumbrance is made a matter of record, by filing or depositing, but it is difficult to understand why a seizure by a receiver is not as effectual an assertion of the rights of all the creditors as a levy by the sheriff is of those of a judgment or attaching creditor."

Another case upon which the Common Pleas Court places its principal reliance is that of Hamilton v Beggs Co., 179 Federal Reporter, 952. This case is almost identical in its facts with that of the above cited Supreme Court case, **130 Oh St 400.**

In the case of Foerstner v Citizens Savings & Trust Company, 186 Federal, page 1, (decided April 25, 1911) deals with §4150 Revised Statutes of Ohio, relative to rights under an unfiled chattel mortgage. This was a bankruptcy proceeding. The holding was that the trustee in bankruptcy took the property unincumbered by the unfiled chattel mortgage.

We might at this time again refer to the case of **National Bank v Purchase Co., 28 Oh Ap 93-98,** in which the case of York Manufacturing Co. v Cassell, 201 U. S. 344, was referred to and in which it was held that the trustee in Bankruptcy would not have a superior claim to that of the holder of an unfiled Ohio chattel mortgage.

Judge Williams, in the case of Doyle v Youngstown, supra, refers to this decision of the United States Supreme Court, and calls attention to the fact that the case was decided before the amendment of the Bankruptcy Act, which was passed in 1910. He then makes the statement: "That decision in our judgment is of no controlling importance in the instant case."

In the case of **Houk v Condon, 40 Oh St 569,** it was held that the right of a judgment creditor under execution was superior to that of a claimant under an unfiled chattel mortgage, even though the judgment creditor knew that the claimant held such chattel mortgage.

In the case of **Benedict v Peters et, 58 Oh St 527,** it was held that the right of an execution creditor was superior to that of the holder of a defectively executed chattel mortgage.

Another case making similar holding is that of Massachusetts Bonding & Insurance Co. v Kemper, 220 Federal 847.

Under the facts of the instant case, it being shown that the defendants-appellees obtained judgment on their account against Fullerton, and under execution having caused the property to be seized by the constable, their rights are superior to that of the plaintiff, Miller, who held an unfiled conditional contract of sale for the combine in question.

The judgment of the trial court will be affirmed and costs adjudged against the appellant.

Entry may be presented in accordance with this decision.

GEIGER, PJ. & HORNBECK, J., concur.